PONDER, Justice.
 

 This case comes to us on a writ of certiorari and review from the Court of Appeal, First Circuit. 177 So. 478.
 

 The plaintiffs — Lawrence J. Russo, Mrs. Mary Russo Politz, Jack Russo, Mrs. Marie Russo Randazzo, and Mrs. Lena Russo Randazzo — instituted this suit against the defendant, Texas & Pacific Railway Company, seeking to recover damages in the sum of $15,000 for the death of their father, Salvadore Russo, who was killed by being run over by one of the trains of the defendant Railway Company on January 13, 1935. There was judgment in the district court in favor of the plaintiffs for $5,000. The defendant appealed from this judgment to the Court of Appeal for the First Circuit, and upon the hearing of the appeal, the Court of Appeal reversed the judgment of the district court and rendered judgment rejecting and dismissing the plaintiffs’ demand. 177 So. 478. The plaintiffs applied to this court for a writ of certiorari and review which was granted. The case is now submitted for our determination.
 

 The pertinent facts are as follows: On January 13, 1935, the plaintiffs’ father Sal
 
 *1045
 
 vadore Russo, shortly after noon left the home of his son Lawrence on some errand to his son’s moss gin, which is situated near defendant’s track, west of the New Roads depot. Salvadore Russo was a man of about sixty years of age and with the exception of defective hearing was in good health. After leaving his son’s home, Salvadore Russo walked down a lane to defendant’s right of way and entered upon the track of the defendant and walked' west along the track in the direction of the depot and the moss gin. While Salvadore Russo was walking along said track, the westbound train of defendant’s company approached on its usual schedule at a speed of about forty miles per hour. The engineer on the train saw Salvadore Russo walking down the track with his back towards the engine approximately one-third of a mile ahead of the train. It appears that the whistle was blown at this point as a signal for the lane crossing, and the engineer stated that it also served as a warning to Mr. Russo who was on the track. Salvadore Russo according to the testimony gave no indication that he heard the whistle blow. Salvadore Russo giving no sign that he was aware of the approaching train, the engineer gave alarms and signals by blowing the whistle and ringing the bell. At no time did Salvadore Russo give any indication that he was aware of the approaching train. The engineer apprehending that Salvadore Russo was not heeding the signals applied the emergency brakes when he was within 250 or 300 feet of Salvadore Russo, and being unable to stop the train within that distance, the train struck Mr. Russo and instantly killed him. The engineer testified that it would require about 900 feet to bring the train to a complete stop at the rate of speed he was going.
 

 Under the facts in this case it is clear that Salvadore Russo was at no time aware of the approaching train. The defendant’s employee, the engineer, who was operating the train saw Salvadore Russo walking down the track with his back to the engine a distance of one-third of a mile. The engineer testifies that Russo never at any time gave any indication that he was aware of the approaching train. The engineer did not apply the brakes until the engine was within 250 or 300 feet of Mr. Russo within which distance it was impossible to stop the train. From all the facts in this case there can be no question that the deceased was unmindful of his perilous situation and the defendant’s employee was aware of the fact that the deceased was unaware of his perilous situation. Even though the defendant’s employee, the engineer, from the time he first saw the deceased on the track and saw that the deceased was unaware of the approaching train, he made no effort to stop the train until he was in 250- or 300 feet of the deceased and too late to avoid the accident. The engineer had ample time from the time he first saw the deceased and became aware that Salvadore Russo gave no indication that he heard the war!/ whistle to have stopped the train and avoided the accident. While it may be true that the deceased was negligent, the defendant’s employee, the engineer, had ample time to have stopped the
 
 *1047
 
 train and avoided the accident and the last clear chance to avert it.
 

 We cannot conceive of a case that would come more clearly under the doctrine laid down in the case of Rottman v. Beverly et al., 183 La. 947, 165 So. 153 and in Hicks v. Texas & N. O. R. Company, 186 La. 1008, 173 So. 745, than this one.
 

 In the case of Rottman v. Beverly et al., supra (page 156) this doctrine was laid down, viz.:
 

 “But if a plaintiff negligently puts himself in a place of danger and his negligence and danger are actually discovered by the defendant, then there devolves upon the defendant a duty which intervenes or arises subsequent to the negligent acts of the plaintiff, and that duty is to save the plaintiff from the consequences of his negligent acts if he can. The first duty of those who operate engines or motor vehicles is to keep a sharp lookout ahead to discover the presence of those who might be in danger. If they perform that duty and discover that some one is in danger, then a second duty arises, and that is to use every possible available means to avert injury. If the defendant fails to perform that duty, his negligence in that respect is regarded as the proximate and immediate cause of the injury and the negligence of the plaintiff in putting himself in a place of danger, the remote cause. In such cases the last clear chance doctrine applies even though plaintiff’s negligence continues ■ up to the accident.”
 

 And,
 

 “In cases of discovered peril, it is pertinent and material to ascertain whether the defendant could, after discovering plaintiff’s peril, have averted the accident by the exercise of due diligence. If he could have averted the accident by the exercise of due diligence and failed to do so, his-negligence in that respect is considered the proximate and immediate cause of the injury, and the plaintiff’s negligence the remote cause, and the plaintiff may recover although his negligence continued to the instant of the accident. The basis of recovery in such cases is the defendant’s superior knowledge of the peril and his ability to avoid the injury. He has the last clear chance. 20 R.C.L. § 116, page 141.” This doctrine was affirmed and approved in the case of Hicks v. Texas & N. O. R. Co., supra.
 

 As to the quantum, the trial judge awarded the sum of $5,000. A careful review of the evidence shows this is reasonable.
 

 For the reasons assigned the judgment of the Court of Appeal is reversed and set aside, and it is ordered that the judgment of the district court be affirmed. All costs to be paid by the defendant.
 

 O’NIELL, C. J., dissents.