On April 26, 1941, Warren Bruce Howes, then 19 years old, sustained painful and severe personal injuries as a result of an accident occurring while he was riding on the manlift of the Auto Hotel located in the City of Baton Rouge. As a result of his personal injuries he had to receive medical attention and hospitalization, and his physical condition has been permanently impaired to a certain extent.
Albert E. Howes, father of Warren Bruce Howes, a minor, has filed this suit against Herbert Wimberly, owner of the Auto Hotel, and against the Great American Indemnity Company, insurer of the Auto Hotel, seeking to recover damages on behalf of his minor son for the personal injuries and for himself individually for the medical and other expenses resulting from the injuries, and for his own mental anguish, etc., caused by his son being injured. His causes of action are based on the allegations that Warren Bruce Howes was injured while traveling on a crudely, carelessly and negligently constructed and operated escalator or elevator with a death trap at the top of such escalator, not apparent to the visitor.
The defendants admit that the accident occurred, but plead that it was caused entirely by the gross negligence of plaintiff's son, while trespassing on the Auto Hotel Manlift, which manlift was in good, safe condition, mechanically and otherwise, and was for the exclusive use of employees of the Auto Hotel. In the alternative, the defendants plead, in the event that defendant Wimberly or his agents be found guilty of negligence which caused the accident, which they deny, then that plaintiff's son was guilty of contributory negligence which bars recovery.
The case was regularly tried, and after the conclusion of plaintiff's case, defendants filed exceptions of no cause and no right of action, on the ground that the evidence offered by plaintiff proved no cause and no right of action against the defendants, and these exceptions were sustained by the trial court and the plaintiff's suit was dismissed at his costs. Thereafter, on plaintiff's application, based on the ground of newly discovered evidence, a second trial was granted, and after new trial the *Page 86 
District Court rendered judgment in favor of defendants, dismissing the case at plaintiff's costs. The plaintiff has appealed.
Before this court, the main contention that the plaintiff makes is that under the last clear chance doctrine, as enunciated in the cases of Rottman v. Beverly, 183 La. 947, 165 So. 153, and Russo v. Texas Pacific Ry. Co., 189 La. 1042, 181 So. 485, the defendants should be held liable; that, in effect, Warren Bruce Howes had placed himself in a dangerous position, by getting on the moving manlift, to the knowledge of the Auto Hotel employees, and that they should have anticipated his danger and had the last clear chance of extricating him from that danger and thereby have avoided the accident.
The defendants contend, in accordance with their pleadings, that the evidence shows that Warren Bruce Howes was a trespasser or licensee when he got on the manlift, which was for the use of employees only, and that consequently the defendant proprietor owed him no duty, except that of refraining from wilfully injuring him or of taking steps to protect him, if his danger were discovered, citing authorities in support of said contention. They maintain that there is no showing of any wilful or wanton injury, but on the contrary that Warren Bruce Howes' own negligence was the sole cause of the accident.
It is either admitted or shown by the preponderance of evidence that the facts were as follows:
On the night of the accident, Warren Bruce Howes and two of his classmates at L.S.U., namely, Mr. Hinkle and Mr. Ardit, at about 11 P.M., and for probably 45 minutes before that time, were in the Cocktail Room of the Heidelberg Hotel, and just before 11 o'clock, closing time for the Cocktail Room, they met Eugene Conway, Jr., at the entrance to the barroom. Conway was known to Mr. Ardit, who introduced him to the other boys, and apparently at that time or after a few minutes' conversation Mr. Conway offered to take the three boys to their rooms at the L.S.U. Stadium dormitory, which was on his way to his home. They thereupon left the Heidelberg Hotel and crossed the street to the Auto Hotel for the purpose of getting Mr. Conway's automobile. Mr. Conway was seen coming towards the Auto Hotel by one of the porters, Franklin, who at once went to get his car, which was stored on the first floor above the ground floor. He brought the car down and parked it at the exit in about two minutes, and without having been told to get it by Mr. Conway or anyone else. Mr. Conway then proceeded to remove his suitcase from the car and to place it in the trunk of the car. While this was going on, the three boys were playing on the manlift. Hinkle testified that he rode up the manlift three or four times, getting off at the first floor, and then coming down and back again. He testified that he was doing this merely as a prank, that he imagined that the manlift was for the use of the employees only, and that he was not told not to ride on the manlift. The preponderance of the evidence shows, however, that he and Ardit were both told by a porter and by the manager not to play on the manlift and that it was for the use of employees only. Apparently at the time Ardit and Hinkle were being called down for stopping on the manlift or very shortly before then, Warren Bruce Howes had gotten on and just about the time that he reached midway between the second and third floors, he was told by one of the porters, who at that time was descending from the third floor and who stopped the manlift, that he should get off and that outsiders were not permitted on the manlift; but instead of heeding the colored porter's request to get off, he told him that he knew how to run the "damn thing", and according to the porter's testimony, someone then pulled the cable which started the manlift, and it started running again and he, the porter, started downstairs, and just as he reached the bottom, Warren Howes began to scream, indicating that he was in trouble. The colored porter and Mr. Bonnecarre, the manager or foreman, thereupon rushed to the top floor, going up the ramp, since the manlift had stopped operating at just about the time that Howes' screams were heard, and they found, upon arriving at the top floor, that Howes was caught or jammed between the manlift and the tin roof above the manlift, and by removing the tin roof, they were able to extricate Howes, who was conscious, but badly injured. Meanwhile, Eugene Conway, Jr., had called an ambulance and Howes was brought down and placed in the ambulance and taken to the Lady of the Lake Hospital for treatment.
It was established that the manlift in question, which operated on belts through holes in the various floors, one side going up, the other down, was safe and in good *Page 87 
mechanical condition for the purpose intended; that it was manufactured by Allis-Chalmers Co., installed by craftsmen at New Orleans, and that it was of a similar design as that used at Blaise in New Orleans, and other places of that type.
Warren Howes, the injured young man, testified that before the accident he and Mr. Conway and Mr. Ardit and Mr. Hinkle had spent some 15 or 20 minutes in the rest room and that it was he who had asked for the Conway car, and that one of the porters had told him, in effect, that if he was in a hurry he could get it himself and that accordingly he got on the manlift for the purpose of getting it. However, young Howes' testimony is not only uncorroborated, but it is rather thoroughly discredited by the testimony of the other witnesses, including the testimony of Eugene Conway, Jr., and by the circumstances of the case. Moreover, young Howes admitted to the Court that he had no more than casual knowledge of the manlift and that he knew nothing about its operation and that, in spite of his ignorance, he took the chance of getting on it.
The lower court has not favored us with written reasons for his judgment, but it seems apparent to us that he must necessarily have found that the accident was caused solely by the gross negligence of Warren Bruce Howes. After a thorough consideration of the case we not only find no manifest error committed by him, but are of the opinion that he was entirely correct in dismissing the case at plaintiff's costs.
Judgment affirmed.