This is an action in which plaintiff seeks damages resulting from an automobile collision. The owner of the truck with which defendant's automobile collided and the owner's liability insurer are made defendants. The accident took place about the hour of 10:30 a.m. on June 9, 1947, on U.S. Highway 165 a short distance north of the community of Paradise, Louisiana. Plaintiff, who was employed as the Masonic Service representative to the Veterans' Hospital at Pineville, Louisiana, was driving his Plymouth sedan south along the designated highway at a reasonable speed of some 35 to 40 miles per hour when he observed the approach of a truck driven by one Gib Prelow, a Negro employee of the defendant, Doyle, which was proceeding north. According to plaintiff's version of the incident defendant's truck was being driven on the wrong, that is, on the west, side of the highway, observing which fact plaintiff slackened the speed of his automobile, assuming that the truck driver intended to turn into a service station which was located on the west of the highway. When the vehicles were separated by a distance of only some 90 feet more or less, it then appearing that the truck would not be turned from the highway, plaintiff swerved his automobile sharply to the left, that is, toward the east, and at almost the same moment the driver of the truck attempted to turn back to his proper highway lane. The vehicles crashed at a point only slightly east of the center line of the highway, the impact being taken by the right front of plaintiff's car and the left front portion of the truck.
At the time of the accident plaintiff was accompanied by two young hitch-hikers, whom he had picked up on the road and who were proceeding to Alexandria for the purpose of enlisting in the United States Navy. The briefly stated facts above set forth, which constitute the gist of plaintiff's claim, are stoutly corroborated by the two youths, who were called as plaintiff's witnesses.
The facts advanced by defendant are directly opposed to and contradictory of plaintiff's story. On behalf of defendant it is claimed that his driver, Prelow, was proceeding north at a moderate rate of speed on his proper side of the highway when plaintiff, for some unexplained reason, swerved his car sharply to the left and into defendant's truck. In support of this contention defendant tendered the testimony of *Page 826 
his driver and of two witnesses who were sitting or standing in or near the door of the service station adjoining the highway on the west. Additionally, the defendant himself and a State trooper, both of whom reached the scene of the accident shortly after the collision, testified as to the position of the cars, marks on the highway and the usual physical circumstances observable at and about the site of an accident.
On only one point is there little, if any, serious dispute or conflict, that is, the fact that plaintiff's automobile was almost irreparably damaged and that plaintiff himself suffered serious and painful injuries.
After trial there was judgment in favor of plaintiff in the sum of $4,200, from which defendants prosecute this appeal, which has been answered by plaintiff, who seeks an increase in the amount of the judgment.
According to our view, this case involves purely and simply the resolution of questions of fact. Either plaintiff, without reason, turned his vehicle at a sharp angle across the highway to the wrong side thereof, or the driver of defendant's truck was operating his vehicle on his wrong side of the highway in a manner so grossly negligent as to create an emergency, in the attempt to avoid which plaintiff was forced to take some immediate action.
This is the kind of a case in which appellate courts must accord unusual weight to the findings of the trial judge, and, in the absence of manifest error, well established custom, attested by the innumerable pronouncements of a long line of authorities, requires the affirmation of the judgment rendered.
It is impossible to reconcile to any degree whatsoever the testimony of the witnesses produced by the opposing parties, and it is therefore necessary to analyze and evaluate in some detail the weight and effect of the evidence produced.
Plaintiff is obviously an intelligent, settled individual whose credibility is without attack insofar as the record is concerned. His story of the incidents immediately leading up to the accident is straightforward and entirely logical, which story is supported in practically every detail by the testimony of the two young men who accompanied him as passengers, neither of whom sustained any injury, and neither of whom appears to have the slightest material interest in the outcome of this litigation.
On the other hand, we find that the testimony of the driver of defendant's truck is particularly unsatisfactory and is below even that standard which might be expected of a 34-year old Negro with the fifth grade education which he claimed. This witness, Gib Prelow, obviously had no adequate conception of either time or distance factors. His answers were vague, indefinite and uncertain. Making due allowance for the natural confusion and embarrassment of the witness, we are nonetheless unable to accord any great degree of consideration to his testimony.
It is quite true that the testimony of the witnesses, Brown and Ford, who were at the door of the filling station which adjoined the highway on the west, positively supports the testimony of the truck driver that he was driving in his proper lane. There is no question as to the good faith and the unquestioned sincerity and integrity of these witnesses, but reference to the photographs taken at the scene of the accident, particularly those introduced by defendant, substantially lessen the weight and importance of this testimony. These witnesses, located at the door of the filling station, were some distance removed from the highway; their line of vision was obstructed by the pumps and service apparatus between them and the highway, and the perspective of the highway from the positions which they occupied at the time obviously did not admit of a definite placing of the vehicles with respect to the occupancy of their respective lanes. In consideration of these elements, we can only conclude that these two witnesses were not by any means in as advantageous a position with respect to an accurate observation and estimation of the immediate circumstances as were the two witnesses in plaintiff's car on the highway.
There remains for consideration the testimony of the defendant, Doyle, and the *Page 827 
State trooper, Lemons, bearing upon the position of the vehicles immediately following the accident. There is no dispute on this point. After the crash the cars came to rest, locked together, left front of truck with right front of passenger car, in a V shape, which made an angle of approximately 45 degrees. The rear ends of both vehicles were thrown to the west by the force of the impact between the front ends thereof. There was testimony, particularly by the State trooper, as to tire marks of plaintiff's vehicle, which the witness explained as follows: "I found the mark in the highway that showed that Mr. Womack had undoubtedly lost control, or made an unusual drive — the skid or the mark in the highway was about 30 steps long and it just swerved around and his vehicle cut on his opposite side of the road."
Contrary to the vigorous contention of plaintiff's counsel, we think the above statement tends to corroborate the testimony of plaintiff and his witnesses. Unquestionably he did make "an unusual drive", and, further, the impression of the tires of plaintiff's car bears out plaintiff's insistence that he slowed his speed, applied his brakes slightly, and then finally, in desperation, swerved sharply to his left.
Undoubtedly the point of impact was at or about the center of the highway, although, admittedly, there was no definite marking of the center line. This fact in itself further substantiates plaintiff's version.
On the whole we are convinced that plaintiff, by a preponderance of the evidence, has established the negligence of the driver of defendant's truck as being the proximate cause of the accident. The logical sequence of a reconstruction of the incidents leading up to and climaxing in the collision is not only easily reconciled with plaintiff's claims, but would appear to be the only reasonable and acceptable explanation. Obviously, this was the light in which the trial Judge viewed the matter and the conclusion upon which he predicated his judgment, in which finding we heartily concur.
It is urged on behalf of defendant that plaintiff could easily have avoided the accident by turning to the right, instead of the left, into the broad entryway of the service station. Conceding this point, it is too well established by the jurisprudence of this State to necessitate citation that liability does not attach by reason of an error in judgment in the face of an emergency. Nevertheless, we are constrained to observe that plaintiff does not appear to have been guilty of such an error, and his action in attempting to avoid the collision by turning sharply to the left would indicate the choice of the most likely effort, and one which would have succeeded had not the driver of the truck, suddenly awakening to the dangerous situation, made a belated effort to regain his proper lane of travel.
The only matter remaining for determination is with respect to the quantum. As we have observed there is no question as to the serious and painful nature of plaintiff's injuries, but we are not convinced that he has suffered a disability which will prevent him from carrying out the duties required of him in his present occupation. Admittedly plaintiff has sustained no loss nor diminution of salary as the result of the accident, and we think the allowance made by the District Judge was adequate under a consideration of the facts established.
For the reasons assigned, the judgment appealed from is affirmed at appellant's cost. *Page 828