McBRIDE, Judge.
This suit grows out of an automobile collision between a 1949 Plymouth sedan, owned and operated by Robert E. Lee, one of the plaintiffs, and a 1933 Chevrolet one-half ton truck, owned and driven by Kastner, the defendant. The plaintiffs are Lee and his collision insurer, St. Louis Fire & Marine Insurance Company. The petition alleges that Lee’s car was damaged to the extent of $205.16; Lee claims the sum of $50 and his insurer claims $155.-16 which it paid under its contract to Lee, becoming his subrogee therefor.
The accident happened about 10:15 o’clock on the night of May 24, 1952. The automobiles were traveling on Hayne Boulevard, which is a paved roadway.
The petition alleges that Lee was operating his car toward Little Woods, and that defendant’s truck, which was traveling in an opposite direction, was negligently driven into the left side of Lee’s vehicle. It is charged that the defendant was driving on the wrong side of the road. Kastner denies any negligence on his part, and alternatively attributes the accident to Lee’s contributory negligence in operating his car at an illegal speed of 45 miles an hour and in not keeping a proper lookout. The trial judge rendered a judgment in favor of plaintiffs for the respective amounts claimed, and the case reaches us on defendant’s appeal. ,.
Let us first say that the evidence does not demonstrate that either of the vehicles involved was speeding. Deeming it unnecessary to particularize the testimony of Lee and the two of his passengers who testified, we find that Lee was driving about 25 miles per hour, and that he first saw the truck coming out of a slight curve some 500 feet away. He signaled the truck to dim its lights, but the truck continued onward without heeding the signal, and when it reached a point about 100 feet away, it appeared to Lee and his passengers that the truck was traveling partly in the left-hand traffic lane, or on Lee’s side of the road. Lee immediately slackened his speed to 18 or 20 miles per hour and swerved over toward the right in such a position that his' car was traveling partly on the' shoulder of the road. The crash then occurred, the impact being about the left front of the Lee car.
The evidence satisfies us that at the moment of the impact defendant’s ancient truck was partly in the left lane or on the wrong side of the roadway. Sgt. Reuther of the New Orleans Police Department, who arrived at the scene a few minutes after the accident, testified that Kastner admitted to him that his truck was on the wrong side of the road. There is no good réason to doubt the truthfulness of the officer’s statement, notwithstanding that Kastner testified that the officer and all of the plaintiffs’ witnesses were liars.
*139 Defendant relies on his own testimony and that of his witness, a man named Martin, who was tending his cattle about 40 feet or so removed from the roadway and who claims he heard the crash and went to the scene of the accident about 45 minutes afterward. Martin’s story is that the debris resulting from the crash was located entirely on defendant’s side of the road, and that Lee’s sedan traveled approximately 300 feet from the point of impact. The testimony of this witness makes little or no impression on us, particularly in view of the fact that Sgt. Reuther and the plaintiffs’ witnesses are all in substantial accord that the vehicles came to rest not more than 100 feet apart, Lee’s car being on the shoulder of the right side of the roadway, the truck being against Martin’s fence some distance from the road.
It is well settled that an appellate court will not disturb the findings of the lower court on questions of fact except where manifest error appears in the judgment. Our examination and comparison of the evidence demonstrates that the defendant was guilty of negligence under the circumstances, and there is no room for doubt that the accident occurred on Lee’s side of the road. We perceive no negligence on his part. The finding of the trial court is the correct one.
Defendant argues that if the contention of plaintiffs as to the facts is to be adopted, then plaintiffs cannot be successful because Lee had and failed to exercise the last clear chance to avoid the accident. While this legal principle was not invoked as a defense to the suit, it has been held that when the facts in the case warrant application of the principle, a court may consider it. See Iglesias v. Campbell, La.App., 175 So. 145.
The gravamen of defendant’s argument is that when Lee saw the Kastner truck on the wrong side of the road 100 feet away, he either should have stopped his car or swerved it entirely off the road and onto the shoulder so that the truck could pass him by. We are cited to Manley v. Hammons, La.App., 20 So.2d 817, wherein the evidence showed that the plaintiff was driving her car on the right side of the road but very close to the center of the road, and notwithstanding that there was no obstruction to her view for a distance of some 500 feet, she continued onward without making any effort to get out of the way of an on-coming car, which was on her side of the road. The court found that the failure of the plaintiff to keep a proper lookout, and to see what she should have seen, and her attendant failure to turn her car to the right in an effort to avoid a collision established negligence on her part. The court found that the plaintiff could have swerved her automobile onto the shoulder of the road without injury to herself or her passengers.
The facts in the instant case can be differentiated from the cited case. Lee from 100 feet away did observe the truck partly in the left lane, but he testified that the truck was equipped with improper lights, one of which was larger and brighter than the other, and the lights blinded him. He thought that by swerving his car to such a position where it traveled half on the roadway and half on the shoulder there would be sufficient space to permit the truck to pass. It seems to us this action on the part of Lee was that of a reasonably prudent person. Defendant’s counsel also argues that Lee might have avoided the accident by bringing his car to a stop, but we fail to comprehend how such a maneuver could have been successful. If Lee had stopped, the crash nevertheless would have occurred, as the defendant continued on his course notwithstanding the presence of Lee’s car partly on and partly off the road.
The amount of damages claimed by plaintiffs is not disputed.
So, therefore, the judgment appealed from will be affirmed.
Affirmed.