81 So.2d 568 (1955)
Mrs. Rita Pitre CHOUEST et al., Plaintiffs-Appellants,
v.
Mrs. Gertrude Pierce REMONT et al., Defendants-Appellees.
No. 4032.
Court of Appeal of Louisiana, First Circuit.
June 30, 1955.
*569 Caillouet & Falgout, Thibodaux, for plaintiff.
Lemle & Kelleher, New Orleans, H. M. Hunley Jr., New Orleans, Bienvenu & Culver, New Orleans, for defendant.
TATE, Judge.
This personal injury suit concerns a headon collision occurring about noon on April 24, 1952, in Lafourche Parish. Plaintiffs seek recovery of damages sustained by Mrs. Rita Pitre Chouest and her infant daughter, Louise, while riding as guest passengers in a car owned by Alcide Remont and driven at the time of the accident by his wife, Gertrude Pierce Remont. Defendants herein are the Remonts; their liability insurer; Florian Martin Farrell, driver of the panel truck with which the Remont car collided; his employer; and the liability insurer of the operation of said panel truck. The amount of damages recoverable were stipulated at $4,000. See also companion suit, Indemnity Insurance Co. of North America v. Houston Fire and Casualty Ins. Company, 81 So.2d 572.
Both at trial below and on this appeal, the sole question is whether the Farrell or the Remont insurer shall pay these damages, or whether through concurrent negligence both are liable in solido. The District Court held the Farrell insurer liable on the ground that Farrell had the last clear chance to avoid the accident, and his failure to do so was the sole and proximate cause of the accident. Appeals were perfected by the parties cast and by plaintiffs.
Prior to the accident, the Farrell truck was proceeding south on La. Highway 22, going away from Cut Off, Louisiana, while the Remont car was coming north on said paved two-lane highway. Farrell was alone. Mrs. Remont was accompanied by her niece, Mrs. Rita Chouest, and the latter's infant daughter, all of whom were sitting in the front seat.
Farrell testified that he was driving at a speed of 30-35 mph when he observed the Remont automobile at a distance of at least 600 feet (2 city blocks) from him, veering ("drifting on an long angle") from its right into its left (or Farrell's) lane. Farrell testified that he unconsciously slackened his speed but did not touch his brakes or apply his horn, assuming from prior experience on that highway that the Remont car was crossing the highway to park on the wide west shoulder along which the residences were situated. (East of the highway was the bayou.) He testified that when he was between 75-150 feet of it the Remont car had drifted completely onto his lane; as he then pulled left to pass it on its right, suddenly the driver thereof also turned to her right causing a head-on collision. The State policeman, corroborated by Farrell's testimony, indicated that the point of impact was just at the center line or a little over it in Mrs. Remont's lane, both cars facing one another at an angle.
Farrell did not apply his brakes until 15 to 20 feet from point of impact when, on Mrs. Remont's pulling back to her right, he realized that she had not seen him approaching; apparently Mrs. Remont applied her brakes at approximately the same time. Mrs. Remont and her passenger, Mrs. Chouest, testified that they had been conversing and did not know what side of the road they were on at the time of the accident and had not noticed the approaching Farrell truck until about 10 or 15 feet from the point of impact when one of them had looked up and exclaimed. In explanation, it may be said that the highway at this point has a very *570 slight curve to the east so that the car on the eastern lane if it continued on a straight line would cross into and over the west (Farrell's) lane.
We have no difficulty in ascertaining that the original negligence of Mrs. Remont's failure to keep a lookout and proceeding so that her car was completely in the highway lane reserved for oncoming traffic was the primary cause of the dangerous situation giving rise to the accident.
The really serious question at issue is whether, as the able and learned District Court found, Farrell had the last clear chance to avoid the accident, even though the initial negligence of Mrs. Remont actually produced the perilous situation which eventuated in this accident.
The able District Court in holding that Farrell's negligence was the sole proximate cause of the accident relied upon Redden v. Blythe, La.App., 12 So.2d 728, and Prevost v. Smith, La.App. 1 Cir., 197 So. 905. Although these suits by passengers in the car occupying the wrong lane of the highway against the driver of the car on the correct side of the highway did not concern the question of their own drivers' negligence as a proximate contributing cause of the accident, they are authority for the proposition that Farrell may have been negligent in the manner of handling his car after he became aware that the Remont car was making some unusual maneuver on the highway, in that he took no further precaution than to slow down slightly, until such time as it became too late to avoid the accident. Prior to that time, he did not for instance sound his horn or apply his brakes.
Whether or not the oncoming driver observing the other car executing an unusual maneuver in his path and on its wrong side of the highway has the last clear chance of avoiding the accident is normally a question of fact, depending on whether the oncoming driver did or should have observed that the other driver had created or was creating a dangerous situation; and whether after such time, the oncoming driver could have avoided the accident in question, but nevertheless failed to do so, Rottman v. Beverly, 183 La. 947, 165 So. 153; Jackson v. Cook, 189 La. 860, 181 So. 195; Russo v. Texas and Pacific Railroad Co., 189 La. 1042, 181 So. 485; Cassar v. Mansfield Lumber Co., 215 La. 533, 41 So.2d 209.
Thus the trier of fact herein concluded on the basis of the factual evidence educed before it that Farrell had the last clear chance to avoid the accident because he observed the oncoming Remont car at least 600 and possibly up to 1500 feet ahead of him veering over onto his side of the highway at what Farrell felt to be an excessive speed and estimated as 65 miles per hour, (although admitting the difficulty in making such estimate). The District Court therefore concluded both that it was unreasonable of Farrell to assume that a car at that speed, not braking or slowing, intended to cross the highway to park on the gravel shoulder, and therefore Farrell should have realized the position of peril of the Remont car; and further, that due to the distance Farrell had the opportunity to avoid the accident; Williams v. Brown, La.App., 181 So. 679.
Plaintiff herself estimated that Mrs. Remont was going 30 miles per hour before the collision.[1] If the trier of fact had determined this to be so, based upon the evidence presented to it, perhaps a different situation would be presented since possibly Farrell would be under less duty to observe Mrs. Remont in a position of peril in his path ahead, and since it may have been reasonable to assume that the driver of the Remont car knew she was on the wrong side of the road and was crossing it to park on the shoulder at a residence there. (It must also be remembered however, that when cars are approaching one another each at a speed of 35 mph, their rate of approach is their combined *571 speed or 70 mph, or 102.6 feet per second; and even though the other car was observed 600 feet away, the time interval involved in creation of the hazard and the resulting collision is less than 6 seconds.)
In such event, as urged by Farrell's insurer, the trier of fact might have concluded that the sole proximate cause of the accident was Mrs. Remont's driving on the wrong side of the road, and that Farrell was not negligent in assuming that the driver approaching him on the wrong side of the road would observe the law and would not remain in Farrell's lane on her wrong side of the road, Womack v. Doyle, La.App., 40 So.2d 825; Manget Bros. v. Henry, 13 La. App. 57, 127 So. 51; Goodson v. Schuster's Wholesale Produce Co., Inc., 10 La.App. 486, 120 So. 689, or was unable to avoid the accident by reason of errors of judgment within a sudden emergency created a few seconds before the accident by Mrs. Remont's negligent entry onto his side of the road, Lee v. Kastner, La.App., 69 So.2d 137; Olivier v. Baldwin, La.App. 1 Cir., 48 So.2d 406; Crawford v. Zurich General Accident & Liability Ins. Co., La.App., 42 So.2d 553.
But the District Court's conclusions on factual matters cannot be disturbed except when manifestly erroneous, and we feel that the District Court's conclusions based on the evidence educed before it to be supported by the record as to the apparently (to Farrell) excessive speed of the Remont car and the continued imprudent approach of Farrell in the face of this apparent danger and without sounding his horn.
However, it does not appear that the legal consequences of Mrs. Remont's sudden swerve back to her right immediately before the collision was called to the District Court's attention. Initially, we felt that this action of Mrs. Remont could not constitute negligence, but was an excusable misjudgment in a sudden emergency. But of course the emergency was created not only by Farrell's imprudent continued approach, but also initially by Mrs. Remont's driving on the wrong side of the road in the face of oncoming traffic.
Farrell testified that but for Mrs. Remont's sudden swerve back to her right towards her proper lane, he would have avoided striking her since he had pulled to the left to allow her (he thought) to proceed onto the west shoulder. We believe this supported by the physical evidence of the collision as well as by the probability of human behavior. In such instance, we do not believe Mrs. Remont's misjudgment in turning back and running into Farrell's car to be free from actionable fault. Even though Mrs. Remont's initial negligence had produced a dangerous situation, Farrell (although negligent himself) would have avoided the accident but for Mrs. Remont's further misjudgment in turning back immediately in front of Farrell and into his car. "The plea of `sudden emergency' may be availed of only when the party pleading it is himself free from fault and has not contributed to the creation of the emergency." Prevost v. Smith, La.App., 1 Cir., 197 So. 905, at page 915. We believe that the negligence of Mrs. Remont was a concurrent proximate cause with Farrell's in causing the accident and plaintiffs' injuries.
For the above and foregoing reasons the judgment of the trial court herein is reversed insofar as it dismissed plaintiffs' suit against Mr. and Mrs. Alcide Remont and their liability insurer, the Houston Fire and Casualty Company, and affirmed otherwise. By stipulation of all parties, it was agreed that total should be in the amount of $4,000 with interest from date of judgment and further that each party should bear its own costs. Therefore, it is ordered, adjudged and decreed that judgment herein be and hereby is rendered in favor of Abdon Chouest and his wife, Rita P. Chouest, individually and for their minor daughter, Louise Chouest, for the sum of $4,000, with legal interest thereon from date of judgment, against Florian Martin Farrell, Gulf Grinders' Distributor's Inc. (his employer), the Indemnity Insurance Company of North America (his liability insurer), and also against Alcide Remont, Gertrude Pierce Remont, his wife, and the Houston Fire and Casualty Company, holding all parties cast *572 liable in solido for said amount. It is further ordered, adjudged and decreed that each party shall bear its own costs. Cost of this appeal to be paid by defendants.
Amended and affirmed.
NOTES
[1] Mrs. Remont in a discovery deposition estimated the speed at 40 miles per hour, but this deposition, not being introduced, could not be considered by the District Court or ourselves.