HOOD, Judge ad hoc.
This is an action for damages instituted by Morris, Paul and Joseph Benjamin, the three sons of James Benjamin, deceased, against Southern Farm Bureau Casualty Insurance Company, to recover for the loss of the life of their father who was fatally injured when struck by an automobile being driven by Mrs. Germaine C. Brasseaux. The defendant is the liability insurer of the automobile which was being driven by Mrs. Brasseaux.
Plaintiffs allege that the sole and proximate cause of the accident was the negligence of Mrs. Brasseaux in driving at a high rate of speed, in failing to give a warning or signal to decedent of her approach, in failing to maintain a proper lookout, and in failing to maintain control of her automobile prior to the accident. Defendant denies any negligence on the part of Mrs. Brasseaux, and in the alternative specially pleads contributory negligence on the part of the decedent. The trial c'ourt concluded that Mrs. Brasseaux was not negligent, that the sole proximate cause of the accident was the negligence of the decedent, and that Mrs. Brasseaux did not have the last clear chance to avoid the accident. Judgment accordingly was rendered in favor of defendant, rejecting the demands of plaintiffs, and from that judgment two of the plaintiffs, Morris Benjamin and Paul Benjamin, have appealed.
The evidence establishes that the accident occurred about 6:50 o’clock P. M., on March 2, 1957, on Louisiana Highway No. 347, at a point a little more than one-half mile north of the Town of Breaux Bridge, in St. Martin Parish, Louisiana. The highway at that point is a straight, level black topped highway running generally north and south. The hard surfaced portion of the highway is 18 feet 9 inches wide, and the shoulders on each side of this highway are narrow but are wide enough for pedestrians to walk along safely. At the time the accident occurred it was dark, but the weather was clear and the highway was dry. A number of homes are located on both sides of the highway in that area, and pedes *21 trians and livestock frequently walk along the highway.
Immediately prior to the time the accident occurred, Mrs. Brasseaux was driving her automobile in a northerly direction, the only other occupant of the car being her fourteen year old daughter who was seated on the front seat immediately to the right of the driver. The Brasseaux automobile was in good mechanical condition, and the lights were on and were functioning properly. Just before the collision occurred Mrs. Brasseaux met an oncoming vehicle, the lights of which momentarily blinded her. Just as she was about to meet and pass this on-coming vehicle, she suddenly saw the decedent on the highway immediately in front of her car. She was unable to bring her vehicle to a stop and consequently struck him, causing injuries which resulted in his death within an hour or two thereafter.
The evidence indicates that immediately prior to the accident Mrs. Brasseaux was ■driving at a speed of 45 to 50 miles per hour, that she decreased her speed to some ■extent when the driver of the vehicle which she was meeting failed to dim his lights, but at the time her vehicle struck decedent she was driving at a speed of approximately 40 miles per hour. The legal speed limit on the highway at that ;point was 60 miles per hour. After striking decedent, Mrs. Brasseaux became hysterical, began screaming and failed to apply her brakes. Her automobile came to .a stop approximately 119 feet beyond the point of impact.
The evidence further establishes that the •decedent was standing or walking in the northbound lane of traffic at the time the .accident occurred. The point of impact was either in the center of the northbound lane of traffic or approximately .2 feet from the eastern edge of the hard surfaced portion of the highway. The front portion of the automobile struck ;the decedent’s back, which indicates that the decedent was facing generally in a northerly direction at the time of the impact. The decedent was a Negro, and the only light in that area came from passing automobiles. It is reasonable to assume that his presence was not readily discernible.
Counsel for plaintiffs concedes that the trial judge was correct in holding that the deceased was negligent in failing to walk on the left side of the highway as near as possible to the edge thereof, as required by LSA-R.S. 32:237. He contends, however, that in spite of this contributory negligence on the part of the decedent, which continued up to the moment of the accident, plaintiffs are entitled to recover because Mrs. Brasseaux had the last clear chance to avoid the accident. The first and principal issue presented, therefore, is whether plaintiffs are entitled to recover under the last clear chance doctrine.
Prior to the decision in Rottman v. Beverly, 183 La. 947, 165 So. 153, the jurisprudence of this State seemed to be established to the effect that the doctrine of last clear chance would apply only in cases of discovered peril, and that it would not apply where plaintiff’s own negligence continued up to the moment of and actually contributed to the injury. By the Rott-man case, however, the application of the last clear chance doctrine was extended to include some cases where plaintiff’s negligence continued to the moment of the accident. Later, in the case of Jackson v. Cook, 189 La. 860, 181 So. 195, the Supreme Court held that the doctrine of last clear chance also might be applied in some cases where plaintiff’s peril was apparent although not discovered by defendant, that is, where the defendant had not actually discovered or been apprised of plaintiff’s danger, but by the exercise of reasonable care he could have discovered it.
In the recent case of Belshe v. Gant, 235 La. 17, 102 So.2d 477, 479, however’ *22 the Supreme Court re-defined the doctrine of last clear chance with all of its modifications, as follows:
“Under the last clear chance doctrine as enunciated by Louisiana jurisprudence, a motorist who observes or who should by the exei'cise of reasonable care have observed another in a position of peril may be held responsible for injuries caused by an ensuing collision with the other despite any contributory negligence on the part of the latter if, after the duty to make such observation arose, the motorist could reasonably have avoided the accident. Cassar v. Mansfield Lbr. Co., 215 La. 533, 41 So.2d 209; Jackson v. Cook, 189 La. 860, 181 So. 195; Rottman v. Beverly, 183 La. 947, 165 So. 153; Cf., Russo v. Texas & P. Ry. Co., 189 La. 1042, 181 So. 485.” (Emphasis added.)
It is apparent from the foregoing that the doctrine of last clear chance cannot be applied in this case unless it is established that Mrs. Brasseaux observed, or by the exercise of reasonable care shoitld have observed, the decedent in her lane of traffic and thereafter could reasonably have avoided the accident and failed to do so.
Mrs. Brasseaux testified that immediately prior to and at the time of the accident she was watching the highway ahead of her. Her daughter testified to the same effect, and the trial court apparently concluded that Mrs. Brasseaux was maintaining a proper lookout. We think the evidence supports that conclusion.
Mrs. Brasseaux also testified that she was blinded by the bright lights of an approaching car, that she signaled for the driver of that car to dim his lights but he failed to do so, that the accident occurred a few seconds before she passed this approaching car, and that although she was looking straight ahead she did not see the decedent until the moment her car struck him. Mrs. Brasseaux’s daughter testified substantially to the same effect, except that she stated that the accident occurred as the approaching car was “right next to my mother,” and that this car did not stop but “kept on going.” Daniel Calais, a peace officer who lived near the scene of the accident, testified that after he heard the impact he ran 45 feet to the front of his house and at that time saw an automobile approaching the Brasseaux car from the north, but that the two cars were about 200 feet apart when he first saw them. The approaching vehicle which he saw stopped within a few feet of the point of impact and at that time its lights were on dim. When asked whether there was another car in front of the one which stopped, Calais testified:
“If it was one when actually it happened that quick he would have passed already. I couldn’t have seen him.”
The evidence convinces us, as it apparently did the trial judge, that the approaching car which blinded Mrs. Bras-seaux was a different vehicle from the one which Calais observed, and that the accident occurred at or about the time the Brasseaux car was passing this approaching vehicle.
The evidence also convinces us that although Mrs. Brasseaux was diligently watching the road ahead of her she did not observe the decedent in her lane of traffic until the moment of the impact, and that because of the fact that she was momentarily blinded she could not have seen him prior to that moment. She, of course, had no opportunity to give any type of warning signal between the time she saw decedent and the time of the accident, and there is nothing which she could have done to avoid the accident after she observed the decedent in his position of *23 peril. Under those circumstances the doctrine of last clear chance cannot be applied, and plaintiffs’ demands were properly rejected.
We have not discussed the issue of whether Mrs. Brasseaux was negligent in driving at an excessive rate of speed or in failing to maintain proper control of her car prior to the accident, because we feel it is not necessary to do so.
We have concluded that Mrs. Brasseaux was temporarily blinded by the lights of an approaching car, and for that reason she could not have seen the decedent before the moment of the impact. It necessarily follows that the only way she could have avoided the accident was to have brought her vehicle to a stop when her vision became impaired, or to have reduced her speed to the extent that she could have stopped instantly. She may have been negligent in failing to take one or both of these precautions. In this case, however, since the decedent was guilty of contributory negligence and plaintiffs’ demands are based solely on the doctrine of last clear chance, the only question presented is whether Mrs. Brasseaux had an opportunity to avoid the accident after she saw or should have seen the decedent in his position of peril. We conclude that she did not have any such opportunity after she observed the decedent, or after she was able to see him, and accordingly the doctrine of last clear chance cannot be applied. Since the last clear chance doctrine is not applicable, we must hold that plaintiffs are barred from recovering because of the contributory negligence of the decedent, even though Mrs. Brasseaux may have been negligent in driving at an excessive rate of speed or in failing to maintain proper control of her automobile.
For the reasons assigned the judgment of the District Court is affirmed.