SANDERS, Justice
(dissenting).
I am unable to agree that the defendant-railroad is free of negligence on the facts •of this,case.
The engineer first saw the automobile at a distance of approximately 1000 feet. The automobile was stationary. Its lights were not burning. The engineer had not seen the automobile come upon the track, although the lights of other automobiles on the highway were visible to him. Under these circumstances, he had no right to assume that the automobile would move from the track. Despite this, he made no .attempt to slow or stop the train. When he was within 600 feet of the stalled automobile, he applied his brakes, but made no emergency stop.
The majority excuses the failure to make an emergency stop on the ground that ■it would endanger the safety of the passengers. I have found no evidence to support this conclusion. On the contrary, the train engineer testified that an emergency application of the brakes was not made because a certain percentage of braking power is lost when it is done.
In my opinion, the railroad-engineer was negligent in failing to make an application of the brakes when he first observed the automobile. However, proof of negligence alone does not produce liability. The plaintiff also has the burden of establishing that the negligence has a causal relation with the damage or harm for which recovery is sought. See Perkins v. Texas and New Orleans Railroad Company, 243 La. 829, 147 So.2d 646.
The record in the instant case contains no evidence as to the stopping distances of the train either with or without an emergency application of the brakes. This evidence can be easily supplied.
If the evidence shows preponderantly that the damage to the automobile would have been averted by a timely and most effective application of the brakes, Cleve T. Smith, the owner of the automobile, is entitled to recover. He was not present at the scene and, hence, is an innocent third party, free of contributory negligence.
If the evidence shows preponderantly ■that injury to Elmer L. Wheat would have been avoided by the stopping of the train or by giving him additional time to com■plete his attempt to remove himself from its path, he (although contributorily neg *1118 ligent) is likewise entitled to recover under the doctrine 'of last clear chance. See Russo v. Texas & P. Ry. Co., 189 La. 1042, 181 So. 485.
In the interest of justice, I would remand the case for the taking of the additional evidence, as requested in plaintiffs’ brief. I respectfully dissent.