REGAN, Judge.
Plaintiff, Edward F. Reed and his sub-rogee insurer, Washington Fire & Marine Insurance Company, instituted this suit against the defendant, Louis E. Jung, Jr., and his liability insurer, Phoenix Indemnity Company, endeavoring to recover the sum of $169.64, representing property damage incurred on February 15, 1955, at about 4:10 p. m., as the result of a collision in the intersection of Vincennes Place and Grape Street, between two automotive vehicles operated respectively by Reed and Jung.
Defendants answered and admitted the occurrence of the accident, but denied liability therefor and, in the alternative, pleaded the contributory negligence of Reed. Defendant, Jung and his subrogee insurer, then reconvened and asserted that they were entitled to recover the sum of $171.73 representing property damage incurred by Jung’s automobile.
' Judgment was rendered dismissing both the main and the reconventional demand. From that judgment only plaintiffs have prosecuted an appeal.
In order to avoid repetitious designation of parties plaintiff and demand we shall hereinafter apply the appellation plaintiff to Reed and defendant to Jung.
Although plaintiff, defendant and a passenger in defendant’s automobile were the only witnesses who related the manner in which the accident occurred, the record reveals, as we have so often observed heretofore, the usual disputations predominant in this type of litigation.
Defendant, who was accompanied by Miss Sarae Mexic, testified that he was driving in Vincennes Place at a speed of twenty-five[1] miles per hour moving in the general direction of St. Charles Avenue and, although nothing obstructed his vision into Grape Street, he failed to observe plaintiff begin to enter the intersection until he was only twenty feet removed therefrom; he then applied his brakes which caused him to “skid” approximately seventeen feet; the right front section-of his car then struck the right rear fender of plaintiff’s vehicle. The collision occurred in the approximate center of the intersection.
Miss Mexic testified that defendant may have been moving at a speed of between twenty-five and thirty miles per hour, otherwise she corroborated defendant’s version of the accident in all of its essential aspects.
Plaintiff testified that he was driving in Grape Street moving from the river towards the lakes; when he reached Vincen-nes Place he stopped and saw defendant’s automobile approximately sixty feet removed from the intersection; despite this fact he drove therein and then “realized” defendant “was coming fast” so he “accelerated” in order to avoid being struck in the “middle.” He further related that *271 the rear of his vehicle was in about the center of the intersection when the right rear fender was struck by the front of defendant’s car.
Defendants’ counsel in oral argument before this court conceded his client’s negligence, therefore, the only question posed for our consideration is whether plaintiff’s negligence was sufficient to bar his recovery herein.
' “When an intersectional collision occurs between two automotive vehicles and the operators thereof charge each other with negligence, there can be no recovery by the litigant who initiates the suit if that party, by the exercise of due diligence and reasonable care, could have avoided the accident.” Transcontinental Ins. Co. v. Toye Bros. Yellow Cab Co., La.App., 55 So.2d 585, 587.
The trial judge was obviously of the opinion that the concurring negligence of both litigants was the proximate cause of the accident and our analysis of the record fails to disclose any legal or factual error in his conclusions.
The defendant, in oral argument before this court, as we said, conceded his negligence. An examination of the record discloses that the plaintiff was likewise negligent in that he was fully cognizant that defendant was approaching the intersection “fast” and when the defendant was sixty feet removed therefrom, plaintiff decided that he could beat the defendant across. He erred in his judgment, hence the collision. Ordinary prudence required that he, under these circumstances, remain in a position of safety until the defendant’s car had cleared the intersection.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.
JANVIER, J., absent, takes no part.

. Speed limit was'twenty miles per hour in this area.