FRUGÉ, Judge ad hoc.
In the early morning of January 21, 1958, one Zachary Dokes was driving very fast in a southerly direction on North Vermont Street in Covington, St. Tammany Parish, Louisiana, had a collision with one Willie Meyers (the other defendant-appellee herein), who was driving east on Gibson Street at the time of the collision at the intersection of North Vermont and Gibson Street. As a result of the collision, Dokes’ car veered off into a building on the southeast corner owned by a Mr. Pugh, which building was insured by plaintiff insurance company. The proven damages to the building as a result thereof is the sum of $3,468.04 which was paid by plaintiff to its insured William T. Pugh and suit was filed pursuant to written assignment and subrogation. Trial was had on the merits and the District Court rendered judgment in favor of plaintiff against the defendant Dokes but rejected its suit as to the other defendant Willie Meyers. Hence, this appeal by Meyers. Dokes has not appealed.
The sole issue before this court is whether Willie Meyers was contributorily negligent in the operation of his automo *573 bile, so as to be responsible for causing the accident which resulted in the damages herein. Both streets are paved and are of equal width and construction. One street is not favored over the other.
The physical facts of the accident as evidenced by pictures of the damages sustained by both cars indicate that Dokes’ car was struck on the right side by the front of the Meyers’ automobile. The photographs show the right front headlights of the Dokes’ car intact and the concentration of the damage of the Dokes’ vehicle to the left front side. The substance of Dokes’ testimony is that he was driving south on Gibson Street in Covington and that as he got to the intersection on Vermont Street, he slowed down, looked to the right and left, saw no cars and entered the intersection and that when he was into the intersection he was struck on the right side about the center by the front of the automobile of Willie Meyers and that as a result thereof his car was driven into the building of plaintiff-appellant’s insured. Meyers testified that he was proceeding in Gibson Street easterly and came to the intersection of Vermont Street and that he was struck by the automobile of Dokes proceeding south on Vermont Street. Meyers claimed he stopped at the intersection but admits he saw Dokes prior to the accident. Pertinent here is the testimony of Meyers wherein he admitted that he saw Dokes’ car coming at a fast clip, yet he still proceeded from a stop position into the intersection.
We have no difficulty in concluding that Willie Meyers was guilty of contributory negligence in the operation of his automobile which negligence was joint and concurrent with the negligence of Zack Dokes. We believe the factual situation here is peculiarly fitting to the rule pronounced in the Washington Fire & Marine Insurance Co. v. Phoenix Indemnity Co., La.App., 88 So.2d 269. In this case (Washington Fire cáse) plaintiff testified that he had stopped his car at an intersection but he admitted seeing defendant’s car approaching rapidly, yet still drove into the intersection. The court dismissed his suit on these facts, finding that the concurrent negligence of both drivers caused the accident.
We therefore find herein that the concurrent negligence of both drivers caused the accident.
While it is true that Meyers had the right of way because he was to the right of Dokes (who was definitely negligent), he nevertheless was likewise negligent in entering the intersection from a stopped position despite seeing Dokes coming very fast into the intersection. See Commercial Credit Corp. v. Serpas, La.App., 94 So.2d 83.
The trial court judgment should be amended in accordance herewith so as to include the defendant Meyers then: That there be judgment in favor of Hardware Dealers Mutual Fire Insurance Company against the defendants Willie Meyers and Zack K. Dokes, jointly and in solido in the full and true sum of $3,468.04, together with legal interest thereon from date of judicial demand and for all costs of these proceedings in both courts.
Reversed, amended and rendered.