119 So.2d 513 (1960)
Edward H. BROWN
v.
CHECKER CAB COMPANY OF NEW ORLEANS et al.
No. 21209.
Court of Appeal of Louisiana, Orleans.
March 28, 1960.
Rehearing Denied April 25, 1960.
Certiorari Denied May 31, 1960.
*514 Gamble & Gamble, Harry P. Gamble, III, New Orleans, for plaintiff and appellant.
M. C. Scharff and A. J. Marciante, New Orleans, for defendants and appellees.
REGAN, Judge.
Plaintiff, Edward H. Brown, instituted this suit against the defendants, Checker Cab Company of New Orleans, Inc., and William F. Carreras, owner and operator, respectively, of a taxicab, endeavoring to recover $454.07, representing property damages incurred by plaintiff's automobile as the result of a collision between his vehicle and defendant's cab in the intersection of St. Claude Avenue and Frenchmen Street, caused by the sole negligence of the cab driver.
Defendants answered and denied the existence of any negligence on the part of the cab driver. In the alternative they pleaded the contributory negligence of the plaintiff.
From a judgment dismissing plaintiff's suit, he has prosecuted this appeal.
At the situs of the accident St. Claude Avenue is a boulevard, composed of two roadways, separated by a neutral ground, one of which runs in the general direction of Canal Street, the other, away therefrom. Frenchmen Street is a relatively narrow thoroughfare, servicing traffic moving toward the lake and river at the point where it intersects St. Claude Avenue. A stop sign regulates Frenchmen Street traffic moving lakeward, where it enters St. Claude Avenue.
The record reveals the usual disputed versions of the manner in which the accident occurred. Plaintiff related that on August 7, 1956, at approximately 8 p. m., he was driving in the neutral ground lane of St. Claude Avenue, moving away from Canal Street, at approximately 25 miles per hour when he entered the intersection of Frenchmen Street. Seconds before the collision, *515 plaintiff became aware of an impending accident when he suddenly noticed the headlights of the defendant's cab, reflecting from the direction of Frenchmen Street.
The front of the cab initially struck the right front fender of plaintiff's vehicle, which ultimately resulted in more extensive damages to that side of the rear thereof.
Two disinterested witnesses, Hugh E. McMurray and his wife, who were traveling in the right traffic lane of St. Claude Avenue, related that they were approximately two and one-half car lengths behind plaintiff. They saw the cab "shoot" into St. Cloude Avenue at a speed of approximately 30 miles per hour a moment before it struck the right front side of plaintiff's automobile. They both estimated plaintiff's speed at about 25 miles per hour prior to the accident.
Defendant, William Carreras, the operator of the taxicab, testified that prior to the accident he stopped in obedience to the sign at Frenchmen Street and could clearly observe traffic conditions in St. Claude Avenue for a distance of between one and two blocks. He waited there until the traffic cleared before endeavoring to cross the street. While he waited, he noticed a truck, owned by Turner Furniture Store, which he said was stopped in the neutral ground area of the intersection, awaiting an opportunity to cross the St. Claude roadway in order to enter Frenchmen Street and drive toward the river. Both he and the truck started across the roadway simultaneously. Then, as he was moving at a speed of five miles per hour and approaching the neutral ground traffic lane of St. Claude Avenue, he then became aware of plaintiff's car, which swerved left to avoid the rear of the truck, and at that point the collision occurred between the respective vehicles. He said that plaintiff's right front fender collided with his left front fender and this version was supported in substance by Monroe Conner, an employee of the Checker Cab Company, who said he saw the accident transpire while he happened to be standing on the uptown lake corner of this intersection, which is in the vicinity of the Checker Cab Company's office. Conner estimated plaintiff's speed to be 30 to 35 miles per hour.
Plaintiff and his witnesses failed to notice the presence of a truck in the neutral ground area; however, Francis P. Turner, who appeared on behalf of the defendant, testified that the truck was near the scene because he was driving it. He confirmed the cab driver's statement that his vehicle had stopped in Frenchmen Street before attempting to cross St. Claude Avenue, but he denied the validity of the cab driver's statement to the effect that plaintiff had swerved his vehicle to the left in order to avoid striking the rear of his truck. In fact, he emphasized that he heard the collision after he had entered Frenchmen Street and was approximately 30 feet removed from St. Claude Avenue, thus rendering the swerving movement of plaintiff's car because of the presence of his truck, as recited by the cab driver, a physical impossibility.
Predicated on the foregoing evidence, the trial judge concluded that the concurring fault of both drivers caused the accident and therefore, he dismissed plaintiff's suit.
The question which this appeal has posed for our consideration is whether the record supports the finding that the plaintiff was guilty of any negligence which contributed to the occurrence of the accident.
It is axiomatic that the plaintiff who alleges the negligence of the defendant must prove it. It is equally clear that once the defendant's negligence is established, if he attempts to exonerate himself from liability on the premise that the plaintiff was contributorily negligent, he has urged an affirmative defense which he is compelled to prove by a preponderance of the evidence.
*516 The whole tenor of the record leads us to the inevitable conclusion that the defendant cab driver was negligent, either in entering a right-of-way street without obeying a stop sign or, conceding that he did obey it, in leaving a position of relative safety and driving into St. Claude Avenue without first ascertaining that it was safe to do so. He testified that he could see into St. Claude Avenue in the direction from which plaintiff was approaching a distance of one or two blocks.
On the other hand, defendant has failed to exonerate himself from liability herein by proving that the plaintiff was contributorily negligent. While it is true that neither operator observed the presence of the other until the collision was imminent, we find no evidence in the record to establish that the plaintiff should, as a reasonable man, have anticipated that the operator of the taxicab would drive into the path of his vehicle.
We, and other appellate courts of this state, have repeatedly expressed the opinion[1] that when both drivers are approaching the intersection at normal speeds, the operator possessing the superior right-of-way is entitled to drive into the intersection and will be considered free of negligence in an ensuing collision, since he or she was not called upon to anticipate that another vehicle would enter therein from a less favored street controlled by a stop sign and fail to respect his right of way; nor is he or she put on notice that the other vehicle will enter the intersection in violation of the favored driver's right to enter therein, in the absence of the other vehicle's excessive speed or the existence of various other circumstances reasonably perceived in time to avoid the accident.
Plaintiff has adequately proven that the cost of repairing his vehicle amounted to the sum of $454.07, in fact respective counsel conceded in oral argument before this court that the costs of repairing plaintiff's vehicle was correct.
For the reasons assigned, the judgment appealed from is reversed, and it is now ordered, adjudged and decreed that there be judgment in favor of the plaintiff and against the defendants in solido for the full sum of $454.07, plus legal interest from judicial demand and for all costs of suit.
Reversed.
NOTES
[1] Buhler v. Villec, La.App.1960, 117 So. 2d 286; Janice v. Whitley, La.App., 1959, 111 So.2d 852; Johnson v. Southern Bell Telephone & Telegraph Co., La.App., 1958, 106 So.2d 22.