REGAN, Judge.
Plaintiff, Sidney Gamier, owner and operator of a 1954 Ford automobile, and his subrogee insurer, Excel Insurance Company, instituted this suit against the defendant, Hayes Boudreaux, owner and operator of a 1955 Chevrolet automobile, endeavoring to recover the sum of $242.06, 'representing property damage incurred by the plaintiff’s automobile as a result of a collision between the two vehicles which occurred on December 7, 1958, in the intersection of Treme and Dumaine Streets’ in the city of New Orleans, which plaintiff asserted was caused by the sole negligence of the defendant.
Defendant answered and denied that he was negligent and then reconvened to recover the sum of $255, representing property damage incurred by his vehicle as a result of the collision. He insisted that the accident was caused solely by the plaintiff’s negligence, and in the alternative, pleaded his contributory negligence.
From a judgment in favor of plaintiff for $242.06 on the main demand and dismissal of the reconventional demand, defendant has prosecuted this appeal.
At the situs of the accident, Dumaine is a one way street which services traffic moving from the river toward the lake. Treme is also a one way street which services traffic moving from uptown toward downtown. It intersects and crosses Dumaine Street. A stop sign regulates Treme Street traffic where it enters Dumaine Street.
The record reveals the usual dis•puted versions of the manner in which the accident occurred. The only competent witnesses to the accident were the plaintiff and the defendant. Plaintiff related that on December 7, 1958, at about 11:30 a. m., he was driving in Dumaine Street at a speed of about 15 or 20 miles per hour in the direction of the lake; that he did not see the defendant’s automobile suddenly emerge from Treme Street until the vehicle was three feet past the stop sign and almost directly in front of him. He forcefully applied the brakes in an effort to avert the collision, which caused his vehicle to skid about 16 feet and into the right rear of defendant’s automobile. He was of the opinion that the defendant had not stopped in obedience to the Treme Street sign, but later conceded that he did not actually know whether defendant had stopped; however, he was firm in his belief that the vehicle “w.as coming fast” out of Treme Street.
Defendant, on the other hand, related that he was driving in Treme Street in a downtown direction. He asserts that he stopped in obedience to the traffic sign on Treme Street, looked to his right, and could see about a quarter of a block into Dumaine Street and there was no vehicular traffic moving toward him. He then slowly entered the intersection and after reaching the center thereof, for the first time noticed the plaintiff approximately 30 feet removed from him. In an effort to avoid the collision he unsuccessfully accelerated the speed of his vehicle. The defendant’s automobile was struck on its right rear by the front of plaintiff’s car and turned completely around; during the course of this maneuver it damaged another automobile which was parked in Treme Street about 50 feet removed from the downtown intersection.
The defendant insists that the plaintiff was moving at a speed, when the .accident occurred, in excess of the limit of 20 miles per hour and that this excessive speed was the proximate cause of the accident.
The foregoing evidence reveals that only questions of fact were posed for the trial court’s consideration. The judge thereof obviously accepted plaintiff’s version of the manner in which the accident occurred and, therefore, concluded that the plaintiff was not-operating, his vehicle'at an excessive *781 rate of speed and was free of any negligence which contributed to the accident and that the proximate cause thereof was the negligence of the defendant in entering a right of way street without obeying the stop sign, or if he did obey it, in driving into Dumaine Street without first ascertaining that it was safe to do so.
The question which this appeal has posed for our consideration is whether that finding of the trial judge is so erroneous and unsupported by the evidence as to warrant ■a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of the manner in which the accident occurred. Suffice it to say that the whole tenor of the record leads us to the inevitable conclusion that the defendant was negligent, either in entering a favored or a right of way street without obeying a stop sign or, conceding that he did obey it, in leaving a position of relative safety and driving into Dumaine Street without first ascertaining that it was safe to do so. It will be recalled that he testified that he could see into Dumaine Street in the direction in which plaintiff was approaching a distance of one quarter of a block.
On the other hand, defendant has failed to exonerate himself from liability herein by proving that the plaintiff was contribu-torily negligent. While it is true that neither operator observed the presence of the other until the collision was imminent, we find no evidence in this record to establish that plaintiff should, as a reasonable man, have anticipated that the defendant would drive into the path of his vehicle, nor do we find from the evidence that the plaintiff was ■operating his automobile at an excessive speed.
We, and other appellate courts, of this state, have repeatedly expressed the opinion[1] that when two drivers' are approaching an intersection at normal speeds, the operator possessing the superior right of way is entitled to drive into the intersection and will be free of negligence in an ensuing collision since he or she was not called upon to anticipate that another vehicle would enter therein from a less favored street, controlled by a stop sign and fail to respect his right of way; nor is he or she put on notice that the other vehicle will enter the intersection in violation of the favored driver’s right to enter therein in the absence of the other vehicle’s excessive speed or the existence of various other circumstances reasonably perceived in time to avoid the accident.
Counsel for the defendant complains of the exclusion by the trial judge of Captain Raymond Ruiz’s testimony, who was offered and accepted by the court over counsel for plaintiff’s objection as an expert. He related that he had visited the situs of the accident and had made test skids similar to those caused by plaintiff’s automobile on the day of the accident. He was then asked if he had occasion to drive from Dumaine Street into the intersection at 20 miles per .hour, apply the brakes and come to an immediate stop. An objection was made thereto and sustained by the court. He was then asked if, after examining the police report, he could estimate the approximate speed of plaintiff’s vehicle at the time of the collision. The trial judge likewise sustained an objection to this question. Counsel argues that “the conditions under which the experiments were made were similar to the conditions that existed when the result contended for occurred ” [2] and “therefore if the expert had been permitted to answer he would have testified that plaintiff was moving at a speed of about 35 miles per hour when the brakes were applied.”
The trial judge may have admitted this evidence as an academic piece de resistance and let it go to the effect for whatever pro *782 bative value it might possess, which we think would have been negligible in view of the whole tenor of this record pointing to the liability of the defendant.
In any event, judges look with disfavor on expert testimony reconstructing automobile collisions from physical and mathematical equations, predicated on the fact that full knowledge and establishment of all the necessary elements on which the judgment should be based are almost impossible.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. Brown v. Checker Cab Co., 1960, 119 So.2d 513, and other cases cited therein.

. Tassin v. New Orleans Public Service, 1932, 19 La.App. 456, 139 So. 695.