LUTHER E. HALL, Judg'e pro tem.
Plaintiff, Allen J. Husbands, and his sub-rogated collision insurer brought this suit for $316.92 damages to Husbands’ automobile resulting from a collision with defendant’s automobile which occurred between 5:00 and 5:30 P.M. on June 17, 1960 in *465 the intersection of Jackson Avenue and Carondelet Street in the city of New Orleans.
The defendant filed a general denial, a plea of contributory negligence, and a re-conventional demand for damages to his automobile and for personal injuries.
The trial court rendered judgment in favor of the defendant dismissing plaintiffs’ suit. The defendant’s reconventional demand was likewise dismissed. Plaintiffs have appealed from that part of the judgment which dismissed their suit. The defendant neither appealed nor answered the appeal so that part of the judgment dismissing the reconventional demand is not before us.
The plaintiff, Husbands, was driving on Jackson Avenue in the direction of the lake while defendant was proceeding on Caron-delet Street in a downtown direction. It had rained and the streets were wet but visibility was good. The collision occurred in the intersection near the downtown curb of Jackson Avenue.
Jackson Avenue is a two-way right-of-way thoroughfare and has no neutral ground at this point. Carondelet Street is a one-way street and traffic entering Jackson Avenue therefrom is controlled by a stop sign.
The defendant, whose testimony was corroborated by his daughter who was a passenger in his car, testified that upon reaching Jackson Avenue on Carondelet Street he stopped for the stop sign and allowed traffic on Jackson Avenue approaching from his left, consisting of a large truck and three cars, to pass. He further testified that after observing these vehicles until they stopped for a red light at St. Charles Avenue, the next cross street to his right, he looked again and seeing no traffic approaching on Jackson Avenue either from his left or his right he proceeded to cross the intersection in first speed at about 5 miles per hour and had come abreast of the downtown sidewalk of Jackson Avenue when his car was hit a glancing blow from the right front door forward by the car driven by the plaintiff, Husbands, “who came along the side and slid into me”. The defendant testified that after he entered the intersection he paid no more attention to traffic and that he did not see the Husbands automobile until the moment of impact.
The plaintiff, Husbands, testified that he was proceeding on Jackson Avenue towards the lake from the direction of St. Charles Avenue at 20 to 25 miles per hour; that he could not say whether the defendant stopped for the stop sign because as he approached Carondelet Street a car passed him on Jackson Avenue going the opposite way; that as soon as this car passed and he had a view of Carondelet Street he saw the defendant’s car which was then “almost square in the other lane” of Jackson Avenue. He further testified that he immediately applied his brakes and came almost to a stop but on account of the slippery pavement his car slid for four or five feet and hit defendant’s car on a slight angle, his left front bumper and fender coming in contact with defendant’s car near the right front door. He further testified that the point of impact was in the downtown lane of Jackson Avenue.
The negligence of defendant is clear. Manifestly plaintiff was in close proximity to Carondelet Street when defendant entered the intersection. Defendant did not see plaintiff either because he did not look or because his view was obstructed by the truck and three cars going towards St. Charles Avenue which he had permitted to pass — it does not matter which. He drove into the intersection without ascertaining that it was safe to do so.
“ * * * It is also well-settled that a motorist who merely stops before attempting to enter into a right-of-way thoroughfare has only performed one-half the duty resting on him. He must not only stop but look out for vehicles on the intersecting street. To stop and *466 then proceed forward without ascertaining if it is safe to do so is negligence of a gross character and renders the person guilty of such imprudence responsible in damages resulting therefrom.” Ehtor v. Parish, La.App., 86 So.2d 543.
We find nothing in the record to convict the plaintiff, Husbands, of contributory negligence. He was on a through street protected by a stop sign and was going at a reasonable rate of speed. As soon as he could see the defendant’s car he applied his brakes but could not avoid the collision.
“The jurisprudence of this state is clear that a driver on a right-of-way thoroughfare has the right to entertain a belief that motorists on intersecting streets and roads will comply with the law and will not enter on the superior thoroughfare in his path, especially when he knows that a stop sign inhibits entrance from the inferior street.” Ehtor v. Parish supra;
“ * * * the operator possessing the superior right-of-way is entitled to drive into the intersection and will be considered free of negligence in an ensuing collision, since he or she was not called upon to anticipate that another vehicle would enter therein from a less favored street controlled by a stop sign and fail to respect his right of way; nor is he or she put on notice that the other vehicle will enter the intersection in violation of the favored driver’s right to enter therein, in the absence of the other vehicle’s excessive speed or the existence of various other circumstances reasonably perceived in time to avoid the accident.” Brown v. Checker Cab Company of New Orleans, La.App., 119 So.2d 513. See also Koob v. Cooperative Cab Co., 213 La. 903, 35 So.2d 849; Nix v. State Farm Mutual Insurance Co., La.App., 94 So.2d 457; Blashfield’s Cyclopedia of Automobile Law and Practice, Permanent Ed., Vol. 2, Sec. 1028.
It cannot be successfully contended that defendant preempted the intersection.
“The motorist, before he can successfully rely on pre-emption, must show that he made entry into the intersection at proper speed and sufficiently in advance of the car on the intersecting road to permit him to proceed on his way with requiring an emergency stop by the other vehicle.” Vernaci v. Columbia Gas Co., La.App., 71 So.2d 417.
For the reasons assigned the judgment appealed from, insofar as it dismisses the suit of plaintiffs, is annulled, avoided and reversed and judgment is now rendered in favor of the plaintiffs, Central National Insurance Company and Allen J. Husbands and against the defendant, Joseph Zor-ratti, in the full sum of $316.92 together with legal interest thereon from date of judicial demand until paid, defendant to pay all costs in both courts.
Reversed in part and rendered in part.