MILLER, Judge pro tem.
This is a companion case to the case of Davis v. New York Underwriters Insurance Company et al., La.App., 141 So.2d 673. The trial court granted plaintiff judgment in the sum of $907.56 with legal interest from judicial demand until paid and recognized that this sum included the claim of the intervenor, Hartford Accident and Indemnity Company in the sum of $162.40. On appeal, Plaintiff-Appellee contends he is entitled to recover an additional $100.00 for wages due to his mother-in-law to compensate her for taking care of the household while Mrs. Davis was incapacitated.
The trial judge gave no reasons for denying the One Hundred ($100) Dollar claim made by Davis for the cost of employing Mrs. Davis’ mother to help care for his wife and his household for “seven or eight” weeks. The husband can recover reasonable and necessary expenditures incurred to obtain domestic help which was usually performed by his wife, but 'which she could not perform because of her incapacity. Bartholomaus v. H. G. Hill Stores, La.App., 97 So.2d 82; Ross v. Insurance Co. of State of Pennsylvania, La. App., 128 So.2d 230, and Little v. State Farm Mutual Automobile Ins. Co., La.App., 136 So.2d 457.
Mrs. Davis’ mother lived next door to the plaintiffs and the evidence is uncontra-dicted that Mrs. Davis’ mother looked after the Davis household during Mrs. Davis’ disability. While defendants do not deny that these1 services were worth $100, they defend primarily on the ground that Mrs. Davis’ mother would have done the same work for her daughter whether or not she was to be paid for these services. Defendants also stress the fact that this claim was not made until plaintiff filed the second amended and supplemental petition on March 23, 1961.
*680 When Mrs. Davis’ mother undertook to care for Mrs. Davis and her household, there was no discussion as to the amount which would be paid for these services. Mrs. Davis’ mother testified that she expected she would be paid something, and that after her daughter went back to work, Mr. Davis asked her if $100 would be satisfactory to her. She agreed that “that would be alright.” Mr. Davis testified that he was obligated to pay this charge. We are satisfied that $100 charged for the services rendered by Mrs. Davis’ mother was .reasonable, and that these services were made necessary by the injuries which Mrs. Davis suffered due to the negligence of the defendant’s insured, and that plaintiff is entitled to recover same.
For these reasons and the reasons this day assigned in the case of Davis v. New York Underwriters Insurance Company et al., 141 So.2d 673, the judgment of the district court is amended, to increase the award to plaintiff from $907.56 to $1,007.56 and as thus amended the said judgment is affirmed. All costs of this appeal are assessed against the defendant.
Amended and affirmed.