FRUGÉ, Judge.
This is a case involving an intersectional collision which occurred in the City of Lake Charles, Louisiana. Judgment was rendered on February 7, 1962 with written reasons assigned in favor of the plaintiffs, Mrs. Katherine Askew and her husband, Ted Askew, and the defendants, George C. Hamilton and his insurer, Allstate Insurance Company, have appealed to this court.
In the afternoon of July 18, 1960 plaintiff, Mrs. Katherine Askew, was driving a Chevrolet pick-up truck in a westerly direction on Twelfth Street in the City of Lake Charles, Louisiana, and defendant, George C. Hamilton, was driving a 1957 Chevrolet automobile in a northerly direction on Enterprise Boulevard. Enterprise Boulevard is a multi-lane thoroughfare in the City of Lake Charles, with the north and south traffic lanes divided by a neutral ground. Twelfth Street runs east and west and intersects Enterprise Boulevard approximately 129 feet north of where the Missouri-Pacific Railroad track crosses Enterprise Boulevard. This railroad crossing is on an embankment, so that vehicles traveling north on Enterprise Boulevard are required to climb a gradual elevated portion of the street, cross the railroad track, and then drive down this gradual embankment before reaching the intersection of Twelfth Street. Notwithstanding the railroad embankment, the evidence discloses that the driver of a vehicle traveling north on Enterprise Boulevard can see the tops of vehicles at the intersection of Twelfth Street, and vehicles at the intersection on Twelfth Street can likewise see the tops of automobiles traveling north on Enterprise Boulevard while still south of the railroad crossing. There is a stop sign where Twelfth Street enters Enterprise Boulevard.
Although traveling on the inferior street, the trial court found that plaintiff had preempted the intersection and thus had acquired the right of way when she was struck by the Hamilton automobile. We do not feel that the law of this State when applied to the facts of this case supports such a conclusion.
The driver with the right of way is ordinarily entitled to proceed toward and into an intersection upon the assumption that inferior traffic will respect his superior right to proceed, unless he could reasonably realize in time to avoid an accident that the inferior traffic will continue into the intersection. Steele, for Use and Benefit of Steele v. State Farm Mutual Ins. Co., 235 La. 564, 105 So.2d 222; Janice v. Whitley, La.App., 111 So.2d 852; Brown v. Checker Cab Co., La.App., 119 So.2d 513. In this case it appears to us that since the Hamilton automobile was on the right of way street, the driver of that vehicle had the right to assume that the plaintiff or any other motorist approaching from the inferior street would obey the law and would respect his superior right to proceed. The defendant was driving at a reasonable rate of speed, and there is nothing in the evidence to indicate that he should have realized in time to avoid the accident that the plaintiff would proceed into the intersection.
The law is also settled to the effect that when confronted with a stop sign, in addition to being legally obligated to bring his vehicle to a complete stop, a motorist is held to the duty of appraising traffic in the intersecting street and of making certain that the way is clear for him to make a safe passage across the intersection. Brown v. Checker Cab Co., supra; Hardware Dealers Mutual Fire Ins. Co. v. Meyers, La.App., 119 So.2d 572.
The record discloses that plaintiff, prior to entering the intersection, stopped her pick-up trück at the stop sign and pro *473 ceeded at a moderate rate of speed across the intersection. Defendant was also approaching the intersection within the speed limit. Plaintiff testified that she had crossed the intersection to a point almost to the neutral ground when she first saw the Hamilton vehicle. At the moment of impact, plaintiff’s vehicle was just entering the neutral ground. Under these circumstances, we find it inconceivable that had plaintiff been maintaining a proper lookout she would not have seen defendant approaching the intersection. Both drivers could or should have seen the other at a distance of at least 129 feet (the point of the railroad crossing). It seems apparent to us that plaintiff’s entry into the intersection was not made with a reasonable expectation and opportunity of traversing it in safety and without obstructing the normal movement of traffic. This action, on the part of plaintiff, was negligence and the proximate cause of the resulting collision.
In answer to the contention that plaintiff pre-empted the intersection, we stated in a recent decision, Fontenot v. Liberty Mutual Ins. Co., La.App. 3 Cir., 130 So.2d 462:
“The jurisprudence of this State has been established to the effect that the prior entry of an intersection, without a reasonable expectation and opportunity of traversing it in safety and without obstructing the normal movement of traffic therein, does not constitute a pre-emption of the intersection. Also, before a motorist can successfully rely on pre-emption, he must show that he entered the intersection at a proper speed and sufficiently in advance of the car on the intersecting street to permit him to proceed on his way without requiring an emergency stop by the other vehicle.”
See also : Hernandez v. State Farm Mutual Automobile Ins. Co., La.App. 2 Cir., 128 So.2d 833; McCoy v. State Farm Mutual Ins. Co., La.App. 3 Cir., 129 So.2d 66.
We are of the opinion that the plaintiff did not pre-empt the intersection within the meaning of this established jurisprudence. Although the collision occurred when the plaintiff’s vehicle had reached or almost reached the neutral ground on Enterprise Boulevard, she obviously entered the intersection without having the opportunity of clearing the same without obstruction of the path of another vehicle under normal and reasonable circumstances and conditions.
Counsel for plaintiff contends that notwithstanding that plaintiff may not have pre-empted the intersection, defendant had the last clear chance of avoiding the accident.
This court, in a recent decision, Lavigne v. Southern Farm Bureau Casualty Ins. Co., La.App., 125 So.2d 430, stated:
“For the successful invocation of the doctrine of last clear chance, the existence or presence of three essential elements must be established: First, that the other person was in a position of peril of which he was unaware or from which he was unable to extricate himself; second, that the person against whom such doctrine is charged actually discovered or was in a position where he should have and could have discovered such other person’s peril; and, third, that at the time the person charged with responsibility could have, with the exercise of reasonable care, avoided the accident.” * * *
See also: Russo v. Texas & Pacific R. Co., 189 La. 1042, 181 So. 485; Newton v. Pacillo, La.App., 111 So.2d 895; Moore v. Shreveport Transit Co., La.App., 115 So.2d 218.
In the instant case, when the plaintiff entered the intersection in front of the approaching automobile of the defendant she obviously was in a position of peril of which she was unaware or from which she was unable to extricate herself. However, the evidence fails to establish that the defendant actually discovered or was in a position where he could or should have discovered the plaintiff’s peril in time to have *474 avoided the accident. Furthermore, there is nothing in the record to justify a conclusion that the defendant, by exercising reasonable care, could have avoided the accident after he should have become aware of the danger.
Therefore, for the reasons herein assigned, the judgment of the trial court is reversed, and accordingly, judgment is rendered in favor of defendant, rejecting the demands of the plaintiffs-appellees at their costs.
Reversed and rendered.