149 So.2d 178 (1963)
Mr. and Mrs. Charles W. HICKMAN, Plaintiffs-Appellees,
v.
Dalton M. BAWCOM, Defendant-Appellant.
No. 750.
Court of Appeal of Louisiana, Third Circuit.
January 28, 1963.
*179 Hall, Raggio & Farrar, by R. W. Farrar, Jr., Lake Charles, for defendant-appellant.
McLeod & Richard, by Charles Richard, Lake Charles, for plaintiffs-appellees.
Before FRUGÉ, SAVOY and CULPEPPER, JJ.
FRUGÉ, Judge.
This is an action in tort for personal injuries and damages brought by Mr. and Mrs. Charles W. Hickman against Dalton M. Bawcom for injuries to Mrs. Hickman, her medical expenses, certain special damages, and for damages to the Hickman automobile. The above injuries and damages were the result of an intersectional automobile accident between a vehicle operated by Mrs. Hickman and a vehicle owned and operated by Dalton M. Bawcom. From a judgment awarding Mr. Hickman $495.40 and Mrs. Hickman $4000 defendant has appealed suspensively to this court.
At approximately 7:45 p. m. on November 10, 1960, Mrs. Hickman was driving her husband's Chevrolet Corvair in a northerly direction on Enterprise Boulevard in the City of Lake Charles, Louisiana, and defendant was driving his 1960 Pontiac in a westerly direction on Fifth Street. Enterprise Boulevard is a multi-lane thoroughfare in the City of Lake Charles, with the north and south traffic lanes divided by a neutral ground which is approximately 20 feet wide. There is a stop sign where Fifth Street enters Enterprise Boulevard. These facts are clearly established by the record and undisputed by the parties to this suit.
Inasmuch as the facts and circumstances surrounding the collision between the Hickman and Bawcom automobiles are disputed by both plaintiffs and defendant, each driver's version of the accident will be set forth. Defendant testified that he saw Mrs. Hickman approaching the intersection from his left and that he stopped at the stop sign, estimated that he had sufficient time to turn right on Enterprise Boulevard, and executed his right turn. He further testified that after he made the turn, he proceeded into the lane of traffic in which Mrs. Hickman was traveling and that her car struck his vehicle from the rear. Mrs. Hickman, on the other hand, testified that defendant entered the intersection when her automobile was about three-quarters therein and struck her vehicle on the right rear door. Therein lies the dispute insofar as the facts are concerned.
The trial judge who heard the testimony in this case was of the opinion that defendant was mistaken in his recollection of how the accident occurred and accepted Mrs. Hickman's version of the collision. In reaching this conclusion, he considered the corroborating testimony of Mrs. Hickman's daughter, who was a passenger in the Hickman automobile at the time the accident occurred. Additionally, he considered the damage to the Hickman vehicle. The only evidence in the record discloses that the right rear door of the Hickman automobile was the only damage sustained.
Counsel for defendant, in urging that the trial judge committed manifest error in his finding of facts, cites Hollins v. Jefferson Oil Company, La.App., 124 So.2d 629. He argues that, under the rationale of this case, this court must examine the evidence in the light of the physical facts, since the testimony of the eyewitnesses conflicts to such an extent that it is irreconcilable. We are of the opinion that counsel has correctly stated the law concerning the review of facts. However, in the case at bar, the physical facts, namely the damage to the Hickman automobile, render defendant's version of a rear end collision inconceivable in our opinion. Accordingly, we find no manifest error in the trial judge's *180 determination of the facts surrounding the accident.
Turning then to the legal issues involved in this matter, we will first consider the negligence vel non of the defendant.
Under the well established jurisprudence of this state, a driver when confronted with a stop sign, in addition to being legally obligated to bring his vehicle to a complete stop, is held to a duty of appraising traffic in the intersecting street and of making certain that the way is clear for him to make a safe entrance into the intersection. Askew v. Hamilton, La.App., 146 So.2d 471; Brown v. Checker Cab Co., La.App., 119 So.2d 513; Hardware Dealers Mutual Fire Ins. Co. v. Meyers, La.App., 119 So.2d 572.
Although there is conflicting testimony as to whether defendant stopped at the intersection prior to his entrance, it is obvious from the facts as adduced by the trial judge and accepted by this court that he entered the intersection and struck the Hickman automobile after it was already within the intersection. That defendant was negligent in his actions under the previously stated rule is so obvious as to merit no further comment.
Counsel for appellant next urges that, notwithstanding defendant may have been negligent in attempting to negotiate a right hand turn, plaintiff was guilty of contributory negligence. In support of this contention counsel submits that Mrs. Hickman was speeding when she approached the intersection. It is further submitted that she was not maintaining a proper lookout.
The sole support for the contention that Mrs. Hickman was speeding derives from the fact that she estimated her speed in a pre-trial deposition at 15 to 20 miles per hour and later testified on the trial of this case that she thought she was traveling at a speed of 10 to 15 miles per hour. It is urged that in either instance plaintiff was exceeding the speed limit. After examination of the record we note that the only evidence as to the speed limit at the place of the accident is an isolated statement by plaintiff that she thought the speed limit was about 12 miles per hour. This is hardly conclusive proof as to what the actual speed limit is at the location of the accident. Accordingly, we find no merit to this contention.
As to the contention that plaintiff was contributorily negligent in not maintaining a proper lookout, we likewise find no merit. Defendant testified that he brought his automobile to a complete stop before entering the intersection. Thus charging plaintiff with knowledge of what she could or should have seen, as the law requires, she still had every reason to believe that defendant was going to respect her right of way. See Theunissen v. Guidry, La.App. 151 So.2d 499.
Therefore, assuming plaintiff was not maintaining a proper lookout at the time the accident occurred, we find no causal connection between this breach of duty and the accident sued upon.
Damages.
Although the amount awarded plaintiffs by the trial court included numerous items of damages, appellant disputes only two of these items. Thus, the judgment of the lower court, insofar as it awarded Mr. Hickman $15 for x-rays, $28.50 for drugs, $64.00 for the hospital bill, $66.90 for damages to the Hickman automobile, $145 for doctor's bills, is affirmed by this court without further comment.
As to the disputed items of damages, it is first urged by counsel for appellant that an award of $4,000 to Mrs. Hickman for a whiplash injury was excessive under the facts of this case.
The trial judge, in his reasons for judgment, succinctly set forth the injuries suffered by Mrs. Hickman as follows:
"The next element of damages to be considered is that of Mrs. Charles *181 W. Hickman. Testifying on behalf of the plaintiff was Dr. Robert Emmett, a surgeon of the City of Lake Charles, Louisiana. Dr. Emmett examined the plaintiff the day following the accident and found that she suffered a typical whiplash injury with tenderness and muscle spasm in the neck. He felt that the whiplash was a little more moderate in degree and this persisted until he sent her to Dr. Morin on February 3, 1961. In the meantime, Dr. Emmett had treated her with relaxants and ultra sound treatments at his office. He gave her several of these treatments before referring her to Dr. Morin.
"Dr. Norman P. Morin, an orthopedic specialist, examined the plaintiff on February 3, 1961. He examined her again on April 12, 1962. He found that she had a cervical fascia strain evidence by the x-rays which he had taken and viewed. He did not prescribe traction nor did he prescribe a neck brace, but did prescribe physio therapy treatments, which were given to plaintiff at the Lake Charles Memorial Hospital. She continued her physio therapy treatments from February 14 to February 23. Dr. Morin testified that he saw her last on May 1, 1961, and asked her to return, but she had not returned to him until shortly before the trial date, which was April 12, 1962. There was no bone injury to the cervical spine. Dr. Morin considered it an acute strain which usually lasts from three to six months and then the patient gradually recovers with time.
"Dr. Charles V. Hatchett was called by the defendant and examined her shortly before trial. He stated that, according to x-rays and examinations, the plaintiff suffered no residual disability and could find no objective findings which would account for any disability or pain as a result of this neck injury."
In a recent decision, Cassreino v. Brown, La.App., 144 So.2d 608, 611, the court reviewed the recent awards for whiplash injuries and stated:
"Awards in excess of $5000 are common for those producing permanent disability or severe pain of prolonged duration. See, e. g.: Self v. Johnson, La.App. 3 Cir., 124 So.2d 324 ($9,237.50); Dillon v. Pope, La.App. 1 Cir., 110 So.2d 229 ($5,000); Bartholomaus v. H. G. Hill Stores, Inc., La.App. 4 Cir., 97 So.2d 82 ($6000); Baker v. U. S. Fire Ins. Co., La.App. 1 Cir., 89 So.2d 405 ($5,600).
"Awards in the area of $2500-$3500 are common for those producing severe initial pain and with however only a short period of residual discomfort, or for those producing less severe pain but a relatively long period (e. g., a year or two) of residual discomfort or disability. * * * (Citations omitted.)
"Awards in lower amounts for whiplash injuries producing moderate or slight pain, which are cured without residual in a matter of weeks. * * *" (Citations omitted.)
Realizing that, in assessing the amount of damages, each case is to be determined on its own facts, with the desire, however, for the attainment of some degree of uniformity in cases involving similar injuries, we are of the opinion that the award to Mrs. Hickman of $3,000 would be adequate. Taking into consideration that Mrs. Hickman had not fully recovered from her injury on April 12, 1962, a period of some seventeen months after the accident (Testimony of Dr. MorinTr. 156), we feel that this amount is consistent with the decisions involving similar injuries. See Cassreino v. Brown, supra.
The last disputed item of damage concerns the amount of $176 allowed Mr. Hickman for domestic help for a period of 22 weeks. Counsel for appellant urges *182 that plaintiffs have not established with definite certainty that Mrs. Hickman could not perform her household work without unreasonable pain or suffering. A review of the medical testimony convinces us that the trial judge was correct in his finding that Mrs. Hickman was unable to perform her household duties for a period of 22 weeks. It is well established under the jurisprudence of this state that a husband can recover reasonable and necessary expenditures incurred to obtain domestic help which was usually performed by his wife, but which she could not perform because of her incapacity. Davis v. Powell, La. App., 141 So.2d 679, Little v. State Farm Mutual Automobile Ins. Co., La.App., 136 So.2d 457. Accordingly, we also affirm this part of the judgment of the lower court.
For the reasons herein assigned, the judgment of the lower court is amended so as to award Mrs. Hickman $3,000, and in all other respects affirmed; appellant to pay all costs of this appeal.
Amended and affirmed.