SAVOY, Judge.
This appeal was brought by the co-tutors of Oran Lee O’Quinn, an eighteen-year-old minor, seeking an increase in the award made by the jury in the lower court for injuries received in an automobile accident near Lake Charles, Louisiana, on February 12, 1961.
The jury awarded medical expenses to plaintiffs individually, and $3,500.00 on behalf of the minor.
No issue is made on appeal with respect to liability or the amount awarded for medical expenses; the sole question for decision by this Court being the adequacy of the award for the minor’s personal injuries.
Dr. Norman Paul Morin, an orthopedic surgeon who treated the minor from the time of the accident, was the only testifying physician, and his findings were as follows. In the accident, the minor sustained multiple minor abrasions and contusions; a dislocated right hip; and a fractured pelvis. On the night of the accident, a closed reduction was performed *272 on the hip, and the minor was placed in traction. A few days later, an open reduction was performed, two permanent metal screws were affixed so as to hold the hone fragments in place, and the minor was put in a cast extending from waist level to the toes on the right leg and to the knee on the left leg. He remained in the hospital until February 28, 1961. The cast was removed on March 28, 1961. From March 28th to May 17, 1961, the minor was put on exercises taken in bed so as to limber up the muscles and joints. As of May 17th, he was allowed to begin gradual weight bearing through the use of crutches. On July 10, 1961, the crutches were discontinued, full weight bearing then being allowed. By November 6, 1961, the minor had regained his normal walking gait and had no limitation of motion or use of his injured member. Eighteen months after the accident, there was no substantial residual.
In their briefs, plaintiffs and defendant have cited cases tending to show, on the one hand, the inadequacy of the award; and on the other hand, its adequacy. Those cases have been carefully considered.
It is well-settled Louisiana jurisprudence that much discretion is given the trial judge or jury in assessing damages, and, unless manifestly erroneous, the lower court judgment should not ordinarily be disturbed on appeal. Fontenot v. Snow (La.App., 3 Cir., 1963), 149 So.2d 172; Hampton et al. v. Security Storage and Van Co., Inc., et al. (La.App., 4 Cir., 1962), 148 So.2d 788.
In any event, however, it is the opinion of this Court, weighing all the circumstances of the instant case in their own light, that the award made by the jury in the lower court for the minor’s personal injuries is neither inadequate nor excessive. Reeves v. State Farm Mutual Automobile Insurance Co. (La.App., 2 Cir., 1963), 149 So.2d 230; Talbot et al. v. Eusea et al. (La.App., 4 Cir., 1963), 151 So.2d 531; Hickman et al. v. Bawcom (La.App., 3 Cir., 1963), 149 So.2d 178.
The judgment of the lower court is, therefore, affirmed. All costs of this appeal are assessed against plaintiffs-appellants.
Affirmed.