MILLER, Judge
(dissenting in part).
Except for the denial of Mr. Segura’s claim for $450 paid for ninety days of domestic service while his wife was totally disabled because of defendant’s fault, I concur in the foregoing opinion.
I find manifest error in the factual determination that $450 of the claim for domestic services was not proved. Mrs. Se-gura’s sister Ms. Debbie Ann Romero testified that she received $5 per day for working 90 days. Tr. 324, 5. Mr. and Mrs. Segura both testified that this sum was paid. Tr. 163, 292, 306. There is no' suggestion that Ms. Romero failed to pay income taxes on these earnings. As to the balance of Segura’s $1,050 claim for domestic services, I agree that appellant failed to show manifest error. His failure to produce cancelled checks, receipts or the testimony of other recipients to establish payment supports the trial court’s refusal to recognize the balance of the claim.
It was established that prior to this accident Mrs. Segura performed the work of a domestic servant for her husband and children; that as a result of the accident she was totally disabled from performing domestic work for the six to seven months she was in a short leg cast and the two to three months she was in a wheelchair and on crutches; and that it was essential that a domestic servant be obtained to perform this work. There is no suggestion that a charge of $5 per day for this work is excessive.
The husband can recover reasonable and necessary expenditures incurred to obtain domestic help which was usually performed by his wife, but which she could not perform because of her incapacity. Davis v. Powell, 141 So.2d 679 (La.App. 1 Cir. 1962); Hickman v. Bawcom, 149 So.2d 178 (La.App. 3 Cir. 1963).
I would award $450 to Mr. Segura to cover this loss caused by defendant’s negligence.