FREDERICK S. ELLIS, Judge.
This is a suit for damages arising out of an intersectional accident between a motorcycle owned and operated by plaintiff Ca-millien Joseph and a taxi cab owned by New Orleans Cab Company, Inc. and operated by Nuncio N. Fulco, both of whom have been made defendants.
The accident happened on July 2, 1955 at approximately 2:30 P.M. at the intersection of Bourbon Street and St. Ann Street in the French Quarter of New Orleans. Plaintiff, who was employed as a Western Union messenger, was heading downtown, away from Canal Street, on Bourbon Street. Defendant was on St. Ann Street, heading in the direction of the Mississippi River. The intersection of Bourbon and St. Ann Streets was, at the time of the accident, controlled by a stop sign which faces traffic on St. Ann Street. Bourbon Street is the favored street.
Plaintiff claims that defendant failed to stop for the stop sign and drove into the intersection, striking the motorcycle and plaintiff’s left leg. Plaintiff testified that he lost control of the motorcycle when he was struck, and crashed into a telephone pole on the downtown river corner, causing' the property damage and personal injuries complained of.
According to defendant Fulco, he stopped for the stop sign, and, his vision obscured by a building on the corner, pulled slowly forward until the front end of his cab was even with the outer edge of an automobile parked on the uptown lake corner of the intersection. He stated that he saw plaintiff while he was some thirty-five (35) feet away, and was stopped when plaintiff passed in front of his cab. He further stated that plaintiff suddenly swerved and crashed into the telephone pole. He was most positive in his testimony that there had been no contact between his cab and plaintiff’s motorcycle.
The trial court found as a matter of fact that there had been no contact between the cab and the motorcycle. He found that the-accident happened because of plaintiff’s inexperience in the operation of his motorcycle, which he had owned for only two or three months. He stated in his written reasons that he felt that plaintiff became confused and acted impulsively when he saw the taxi cab come to a stop in close proximity to the motorcycle, and that plaintiff swerved to the right to avoid striking the-cab, which he thought was about to enter the intersection. He felt that Fulco acted' properly and did not create an emergency, and dismissed the suit. From the judgment of dismissal, plaintiff prosecutes this appeal.
In his brief, plaintiff sets forth the following assignments of error:
“1. The finding by the Court that defendant Fulco did not enter into Bourbon Street beyond the width of the automobile that was parked to his right four (4') feet from the corner of St;. Ann Street was contrary to the evidence.
“2. The finding by the Court that there was no physical contact between the two (2) vehicles is contrary to the evidence.
“3. The finding by the Court that plaintiff, because he lacked experience in driving a motorcycle, became confused and acted impulsively when he-saw the front of defendant’s taxi cab and swerved to the right to avoid striking said taxi cab, was not based on any evidence which was admitted at the trial.
“4. The Court’s finding that defendant Fulco was not guilty of any negligence and acted strictly in accordance with law in the circumstances prevailing is clearly against the law and the evidence.”
There can be little doubt that if the defendant actually struck plaintiff he would be liable. It would further appear that if defendant Fulco created an emergency situation by driving into Bourbon Street im *601 •mediately in front of plaintiff, he would also be liable. As the operator of a vehicle on the less favored street, the burden is on him to establish that it is safe for him to enter the favored street. Ehtor v. Parish, 86 So.2d 543 (La.App.1956).
The testimony of plaintiff and defendant on these points is diametrically opposed, and there were no other witnesses to the accident. However, one of the policemen who investigated the accident testified, and .his testimony was to the effect that Fulco, at the time of the accident, stated that there had been a collision between his cab and •the motorcycle. The officer also testified that there was damage to the right front fender of the cab and to the left side of the .motorcycle.
This, it would appear, is direct and disinterested evidence in support of the version of the accident which was given by the plaintiff. In order to render a judgment in favor of defendant, it is necessary to believe his testimony in every respect, and to discount that of plaintiff even though it is corroborated by that of the police offi■cer. We believe that it was error for the •court below to overlook the testimony of this officer in reaching its conclusion. We are of the opinion that the record clearly shows that plaintiff made out his case by a preponderance of the evidence; that there was an actual collision between the cab and the motorcycle; and that the accident was caused solely and proximately by the negligence of the defendant Nuncio Fulco.
This being the case, it becomes necessary to pass on to a consideration of the •amount to be awarded to plaintiff. According to the record, plaintiff suffered a broken nose in the accident. He was hospitalized •at the Eye, Ear, Nose and Throat Hospital ■in New Orleans, and the fracture was set hy open reduction on the following morning. He was discharged from the hospital •on July 5th and from treatment on August 11, 1955. He wore a bandage on his nose from the time of the operation until July 11, 1955.
According to the testimony of his physician at the time of the trial plaintiff was suffering from nasal blockage due to the growth of scar tissue within his nose, and also from what he called a “tension-type nose,” both of which were due to the accident. He testified that the repair of these two defects would cost about $600.00 or $650.00 in all.
Plaintiff was in pain only at the time of and shortly after the accident. He testified that he had suffered some embarrassment as a result of a hump which appeared on his nose as a result of his injuries. This hump would be repaired by the operations proposed by the doctor. The trial judge was unable to notice any disfigurement, and the photographs of the plaintiff in the record bear out this observation. The hump referred to by plaintiff is so small as to be unnoticeable.
Considering all of the above factors, we feel that an award of $2500.00 should adequately compensate plaintiff for his personal injuries. Hoffpauir v. Southern Farm Bureau Casualty Ins. Co., 124 So.2d 409 (La.App.1960). The sum of $600.00 for future medical expenses is also justifiable.
Plaintiff’s testimony relative to his property damage and loss of wages is entirely too vague and indefinite to stand the burden of judicial scrutiny. He testified as to the approximate amount of the repair estimate on the motorcycle, but the estimate was never introduced in evidence. Although he complains of the loss of his glasses and watch, his testimony as to the value of those items was entirely unsatisfactory, and cannot stand as the basis for an award.
The testimony as to loss of wages is similarly inadequate. There was no testimony as to length of disability, and no showing was made as to the basis for claiming $520.00 as lost wages.
All of the latter items must be denied.
Accordingly, the judgment appealed from is reversed, and there will be judg *602 ment herein in favor of plaintiff, Camillien Joseph, and against defendant, Nuncio N. Fulco and New Orleans Cab Company, Inc., in the full sum of $3100.00, together with legal interest from date of judicial demand until paid, and all costs of these proceedings.
Reversed and rendered.