REGAN, Judge.
The plaintiff, Jack Meyers, individually and for and on behalf of his minor daughter, Sharon Meyers, filed this suit against the defendant, the Jefferson Parish School Board, Dr. Alfred T. Little, Marvin Russell and John Doe,[1] endeavoring to recover the sum of $63,068.00 representing damages sustained by himself and his daughter as the result of an injury incurred by her when a large piece of plate glass fell on her from a second story window of the T. H. Harris School where she was a student.
The defendants answered and generally denied the accusations of negligence delineated in the plaintiff’s petition and in addition thereto pleaded the contributory negligence of Sharon Meyers.
Judgment was rendered in favor of the plaintiff, Jack Meyers, and against the Jefferson Parish School Board and John Doe jointly, severally and in solido in the amount of $1,318.00, and in favor of Jack Meyers for and on behalf of his daughter, Sharon, and against Jefferson Parish School Board and John Doe, jointly, severally and in solido, for the sum of *703 $7,000.00. Judgment was rendered in favor of Dr. Alfred T. Little and Marvin Russell dismissing the plaintiff’s suit as to them.
From that judgment, the Jefferson Parish School Board has prosecuted this appeal.
The record discloses that Sharon Meyers, a thirteen year old student at the T. H. Harris School, was standing near the building which houses the visual aids department, when suddenly and without warning, a large pane of glass fell from the window of the building on her shoulder causing a severe cut just at the base of her neck, after which, she was treated at Ochsner Foundation Hospital, where the wound was sutured, and she returned three times for observation and removal of the stitches. The medical bill incurred for these services was $68.00.
Dr. George W. Hoffman testified that Sharon had a scar located on the posterior aspect of the left shoulder measuring approximately five or six inches in length and two and one-half inches in width with approximately a one inch horizontal extension from the lower end and a few marks resulting from sutures. In his opinion, to obtain maximum improvement the scar warranted a revision by plastic surgery which would require one major revision at a cost of $700.00 and probably an additional minor revision, at a cost of $500.00. He stated that plastic surgery would improve the appearance of the scar, but explained that it is difficult to obtain excellent results in this area of the body.
The appeal of the defendant is limited to the amount of damages awarded, and liability is not an issue posed for our consideration. It contends that damages should not be awarded for surgical and hospital expenses which may or may not occur and are dependent upon the will of the minor’s parents. It also insists that the award of $7,000.00 for mental anguish, embarrassment and disfigurement is excessive and should be reduced.
There is no merit in the defendant’s argument that future medical expenses cannot be awarded.[2] Dr. Hoffman itemized thoroughly the future expenses and testified that he recommended the surgery. We are convinced that the estimate is reasonable and fully justified, and, therefore, the award of $1,200.00 for future medical expenses was correct.
The trial court possesses a large amount of discretion in the award of general damages,[3] and this should not be disturbed on the appellate review in the absence of clear abuse and after taking into consideration that each personal injury may be evaluated according to its own peculiar facts and circumstances.[4] Tested by this standard, we perceive no abuse of the trial court’s discretion in the award of $7,000.00 for pain, suffering and mental anguish.
For the foregoing reasons, the judgment of the lower court is affirmed.
The defendants are to pay all costs incurred herein.
Affirmed.
PER CURIAM.
Our original opinion contains the following statement of fact:
“Dr. George W. Hoffman testified that Sharon had a scar located on the posterior aspect of the left shoulder measuring approximately five or six inches in length and two and one-half inches in width * * The width of the scar mentioned *704 therein should be .78 to 1.1 inches in width, not two and one-half inches, which figures were the result of Dr. Hoffman’s error in converting from centimeters into inches which was transcribed into the record.

. Since the name of the individual who installed the window was unknown to the plaintiff, he was designated as John Doe.

. Knotts v. Employers Casualty Company, 177 So.2d 630 (La.App.1965) ; Joseph v. Fulco, 145 So.2d 599 (La.App.1962), Certiorari denied (1963).

. La.C.C. Art. 1934(3).

.Richard v. American Oil Company, 213 So.2d 158 (La.App.1968); Lomenick v. Schoeffler, 250 La. 959, 200 So.2d 127 (1967); Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149 (1963).